By the Court.

On considering the statute, on which the process before the justice was founded, it is very clear that in this case error does not lie, as the process is summary, by complaint to obtain a warrant of distress, and the proceedings are not according to the course of the common law, so that we could render a right judgment, if it should appear that the justice had erred. The legal remedy for the plaintiff in error is by a writ of certiorari.
We have, however, in many cases, when the proceedings have Deen before us on error, where error did not lie, considered them as coming before us on certiorari, so far as to affirm or quash them. But we have never granted this indulgence to the party, unless a question of general consequence arose, when it was of importance to have the law settled and known, for the information of the people, and for the regulation of the proceedings of inferior jurisdictions.
In looking into the act of Congress, it appears that among the persons exempted from military duty are all persons exempted by the laws of any particular states. And by our statute of 1806, c. 103, all fishermen actually shipped and employed on board of any vessel of more than ten tons’ burden are exempted. If, therefore, the plaintiff in error be not exempted as a mariner, he is now clearly exempted as a fisherman. The question brought before us is now, therefore, a matter of mere curiosity, and of no importance as to the public.
We are, therefore, of opinion that the plaintiff in error is not entitled to have the proceedings, of which he complains, examined on this writ, and that the writ ought to be quashed, as having improvidently issued. The plaintiff in error may f * 672 ] * move for a certiorari, if he think his grievance important enough to require a remedy.
Let the writ be quashed, (a)
Note.—In looking into the proceedings before the justice, the Chief Justice, observing that the plaintiff in error had pleaded the general issue of nil debet, and also a second plea in bar containing the defence mentioned above, said that this was an improper practice, and that justices of the peace ought not to be embarrassed *589 with such matter; especially since, by the statute of 1783, c. 42, a defendant is entitled to all evidence under the general issue, of which he can by law avail himself under any special plea in excuse or justification.

 [Vide, ante, 242, Pratt vs. Hall. — 376, Winslow vs Anderson. — Ed.]