Parsons, C. J.
We are of opinion that, for the cause assigned by the plaintiff in error, the judgment produced is erroneous.
The power of the referees to make a report, on which judgment may be rendered, and execution issue, is derived from the statute, commonly known as the referee act, the provisions of wmch must be pursued.
The third section of that act provides, that the determination of the referees, appointed pursuant to the previous provisions of the act, shall be made to the next term of the Common Pleas, to be holden for the county in which the justice lives, and that the Court, to whom the report may be made as aforesaid, shall have cognizance thereof, and the same doings be had thereon, as on rules of reference of the Common Pleas.
But this report was not made to the next Common Pleas, but to that Court when holden in March following, when no cognizance was given to it, and no judgment on the report could legally be rendered.
From the natural import of the words of the statute, the report ought to be made at the next term after the rule was made, so that the parties might not be kept in a state of embarrassment and suspense, as to the issue of the submission, during the pleasure of the referees. But another construction, allowing the report to be made at the next term after it had been agreed upon, has so long prevailed, that it cannot now be controlled; although unreasonable delays by the referees in agreeing on their report have in some instances been experienced. Further the Court cannot go. But if referees, or the prevailing party who may have possession of the report, *will not present it at the next term after it has [*491 ] been agreed upon, the submission is ipso facto discharged.

Judgment reversed,.