Parsons, C. J.
On examining the record in this case, and the *326 statutes relating to processes of this kind, it appears to us that the appeal cannot be sustained. Upon a complaint originally preferred by the owner of lands overflowed by a mill-dam, against the owner of the dam, the respondent may defend himself by traversing the complainant’s title to the lands overflowed; or he may set up a right to overflow them, without payment of damages, or for an agreed composition; or he may deny that he is the owner of the dam, or that the complainant has sustained any damages.
S. Hubhard for the complainant.
King, for the respondent.
If an issue be joined upon either of these points of defence, it shall be tried by a jury at the bar of the Common Pleas, subject to a right in either party to appeal to this Court. If, on the appeal, a verdict be found for the complainant, a certificate in the nature ol a procedendo shall go to the Common Pleas ; on which v£-t*399 ] that court shall proceed to * direct the sheriff to sum-^x mon and impanel a jury' to assess the damages demanded m ike complaitfL,
But when the quantum of' "damages, either on the original complaint or on a new complaint, is the question between the parties,— there being no defence by the respondent against the payment of some damages, — on either of the groundihtforesaid, no appeal lies to this Court from any order or judgment of the 'Common Pleas. If that Court proceed illegally, the remedy for the party aggrieved is by certiorari issued by this Court. (1)
It has probably been supposed by the parties, that the'statute of 1782, c. 11, creating the Court of Common Pleas, and giving an appeal to this Court to any party aggrieved, extends to the case before us. But the original jurisdiction there given to the Common Pleas is of civil suits commenced by writ, and is not extended to proceedings founded on complaint, authorized by particular statutes, which do not give any appellate jurisdiction to this Court.

Let the appeal he dismissed.

 Vide Stat. 1785, c. 74, and 1797, c. 63. — 3 Mass Rep 184, Vandusen vs. Comstock, in Error.