Sewall, J.
Without relaxing from the strictness which has prevailed in every case where a judgment upon the report of referees, appointed by a justice’s rule, as it is called, has been examined, we are of opinion that the judgment brought before us by this writ of error may be sustained.
A written date is not essential to a contract, when made m writing or under seal. A false or impossible date may be explained and corrected by extraneous evidence, whenever it is important to have the true date ascertained; that is, the time when the writing or deed was in fact signed or executed. (1)
This would be an answer therefore, if, in the case at bar, the lime when the agreement was signed or acknowledged had been essential to be ascertained, in any inquiry before the referees, or before the Court of Common Pleas. That is certain which, may be rendered certain. The parties to the written agreement were before the referees in pursuance of their submission, and professed to be acting under it, in stating and insisting upon their mutual demands.
This was evidence to the referees, that the agreement was sufficiently recent in the apprehension of the parties, and that they considered themselves as holden by it.
The jurisdiction of the Common Pleas, or rather the term of that court, when it is competent for them to exercise their jurisdiction *151 in receiving a report of referees, and entering judgment thereon, is not determined by the date of the agreement between the parties, but by the date of the award. The report is to be made at the term of the court which is holden next after the award is agreed upon and signed by the referees. (2) The award, upon which the judgment now excepted to was rendered, is dated by the referees. This may be considered an essential part of a * report; as the jurisdiction of the Common Pleas has [ * 143 J been made to depend upon it. If omitted, however, in the first instance, the Court of Common Pleas, when a report is made, may be competent to have it inserted; or, in case of any mistake, to have it corrected by the referees. But, in this respect, the proceedings brought before us by this writ of error are sufficiently correct and regular. The judgment is affirmed, with costs for the defendant in error, (a)
*152 ADDITIONAL NOTE.
[See Woodsum vs. Sawyer, 9 Greenl. 15.— Gordon vs. Tucker, 6 Greenl. 247.— Eaton vs. Cole, 1 Fairf. 137. — Hazeltine vs. Smith, 3 Verm. 535. — Kline vs. Guthart, 2 Penns. 490. — Wilson vs. Colwell, 3 Watts, 212. — Johnston vs. Porter, 7 Watts, 356. — Eric, &c., vs. Brawley, 8 Watts, 530.— Orlady vs. M’Namara, 9 Watts, 192.— Melvin vs. Leaycraft, 17 Wend. 169. — M’Pherson vs. Cheadell, 24 Wend. 15. — Mesereau vs Lewis, 25 Wend. 243. — F. H.]

 Com. Dig., Fait, B, 3.

5"> 5 Mass. Rep. 489, [524.]

 [The proceedings in this case were not by writ, nor according to the course oi the common law. They were founded upon statutory law, and had not a single feature of the common law. It does not satisfactorily appear, therefore, why a writ of error has, in any such case, been sustained. Yet in the case of Short vs. Pralt Al., (6 Mass. Rep. 496,) which was a similar case, a writ of error was maintained; and Parsons, C. J., when the objection was made to the writ, said “ that point had been solemnly settled in a case which formerly came up from the county of Na?i. tucket; and that, if error would not lie, a party aggrieved by a judgment rendered under this statute would be without remedy.’ If, instead of referring to an adjudication never reported, and the circumstances attending which are not stated, the chief ustice had pointed out a substantial distinction between this case and the numerous other cases apparently similar, where it had been held, while he presided in the court, that error would not lie, and that a writ of certiorari was the only proper process, and had explained the principles upon which he held that the party aggrieved in this case would be without remedy unless a writ of error were sustained, and had told us why a like remedy could not be had by certiorari, as well as in the other cases referred to, we might, perhaps, have been better satisfied with his decision, which, at present, appears to be at variance with all the cases before alluded to. — Melvin vs. Bridge, 3 Mass. Rep. 305. — Browne vs. Stimson, 2 Mass. Rep. 445. — Pratt vs. Hall, 4 Mass. Rep. 239.— Vandusen vs. Comstock, 3 Mass. Rep. 184.— Winslow vs. Anderson, 4 Mass. Rep. 376. — Edgar vs. Dodge, 4 Mass. Rep. 670.— Ball vs. Brigham, 5 Mass. Rep. 406. —Lowell vs. Spring, 6 Mass. Rep. 398. — Commonwealth vs. Coombs, 2 Mass. Rep. 489.—Commonwealth vs. The Blue Hill Turnpike Corporation, 5 Mass. Rep. 420. — Ex parte Miller, 4 Mass. Rep. 565.— Error will not lie to reverse a judgment rendered upon a submission of a statement of facts for the opinion of the court, on account of a mistake committed by the court in point of law, in deciding the question submitted.— Wellington vs Shatton, 11 Mass. Rep. 394.— Carrol & Al. vs. R'chardson, 9 Mass. Rep. 329. — Gray vs. Storer, post, p. 163. — Inhab. Alfred vs. Inhab. Saco, 7 Mass. Rep. 380. — And it may well be doubted, whether, according to the rules and principles of the English law, as they were settled at the time when our ancestors emigrated to this country, and long before, and ever since, either error or certiorari would lie, in any of the cases before mentioned, to revise and reverse the proceedings of inferior courts, so long as they acted upon matters properly cognizable by them, and confined themselves within the proper limits of their jurisdiction.— Greenfelt vs. Burwell, 1 Lord Raym. 454. —12 Mod. 386. — Com. Rep. 76, S. C. — The King vs. Justices of Monmouthshire, 7 D. & R. 334. — 4 B. & C. 844. — The King vs. Justices Caernarvon, 4 B. & A. 86. — The King vs. Justices Farringdon, 4 D. & R. 735. — The King vs. Justices of --, 1 Chitty, Rep. 164.— The King vs. Justices North Riding, Yorkshire, 2 B. & C. 286. — The King vs. The Justices of Middlesex, 4
*152 B. & A. 300. — The King vs. The Justices of Witts, 2 Chitty, Rep. 257. — John Giles’s case, 2 Str. 881.— The King vs. Reeve, 1 Bl. R. 233.—Rex vs. Mosely, 2 Burr. 1042. — Sed vide Rex vs. Ridgway, 5 B. & A. 527. — 1 D. & R. 132.
It has been held that error does not lie to reverse a judgment rendered upon the award of referees under a rule of court, for want of form in the process or pleadings. — Forseth vs. Shaw, post, 253.— Coffin vs. Cottle, 4 Pick. 454. — Ed.]