Wilde, J.
The first plea in bar must be adjudged insufficient, unless there be some defect in the complaint; for it traverses none of the facts set forth in the complaint, and contains no new matter, except “ that the injury sustained by the complainant, if any, has happened by the respondents’ raising their mill-dam, and flowing the water above the dam, higher than they were authorized to do by virtue of the judgment of the Court in a former process.”
* This averment, if the present complaint is considered [ * 78 J is founded on the second section of the statute, is immaterial ; and if, on the third section, it cannot be pleaded in bar. For the complainant has a right to submit the question of damages to a jury, to be summoned by the sheriff according to the statute, who alone are competent to determine it. Of this right the complainant might be deprived, if the respondents were allowed to plead in bar that the yearly damages had not been increased, or that they had arisen from causes other than those set forth in the complaint. The truth of any such averment is not to be proved on trial at the bar of the Court, but before the jury appointed for the purpose of ascertaining the damages.
It was said, in the case of Lowell vs. Spring (3), “ that upon a complaint originally preferred by the owner of lands overflowed by a mill-dam, against the owner of the dam, the respondent may defend himself by denying that the complainant has sustained any damages,” and of this opinion were the Court, in the case of Vandusen vs. Comstock (4). But it by no means follows that, to a complaint founded on the third section of the statute, the respondent may defend himself by denying that the complainant has sustained any increased damages. All that can be demanded in such complaint, is a new appraisement of the yearly damages; and this either party has a right to demand at the peril of costs. The only question seems to be, By whom shall such new appraisement be made? We think there can be no doubt that it must be made by a jury to be summoned and empanelled as directed in the second section of the statute. To decide otherwise, would be repugnant to the manifest intention of the statute.
But the respondents’ counsel have insisted principally upon their objection to the complaint, which expressly alleges that the respondents have raised the water higher, and have flowed the complainant’s meadow for a longer portion of the year than by the *64 judgment in a former process they were authorized to [ * 79 ] do; and for this injury, * it is said, the only remedy is by action at common law. No sufficient answer has been given to this objection, which seems to be founded on the true construction of the statute.
The case of Stowell vs. Flagg has been cited, where it is said that the common law remedy is taken away by the statute (5). But this is true only in cases where the mill-owner can justify himself under the statute. I hold it very clear that, after a dam has been erected, and a jury has been empanelled and sworn to appraise the yearly damages, and to determine how far the flowing of the lands above may be necessary, and during what portion of the year, the verdict of the jury, and the judgment of the Court thereon, are conclusive on both parties, except as to the future yearly damages ; as to which there is a distinct provision, giving to either party the privilege of a new appraisement. And this provision goes far to show that the legislature did not intend that the other points, when once decided, should be open to future revision.
If this is not the true construction of the statute, the provision for the limitation of the height of the dam, and of the time of flowing, would be nugatory. For if the mill-holder be not bound by the judgment in the first process, no reason can be given why he should be bound by a judgment in any after-process ;■ and the owner of lands flowed would be without remedy, should the owner of the mill persist in raising his dam higher than would be necessary for the purpose of working his mill.
Cases, however, may occur, in which this construction of the statute would not be applicable. For instance, if, after the height of a dam and the time of flowing had been determined by judgment of court, the mill-owner should erect new mills, or should introduce new machinery into the old mills, requiring a greater head of water to work them, he would probably be authorized to raise his dam as high as might be necessary for such new works; and the remedy for the owners of the lands thereby flowed would be [ * 80 ] * by a new complaint founded on the second section of the statute. For the merits of such a case could not have been considered by the former jury; and the parties ought not, therefore, to be bound by their verdict. But as it is not suggested in this case that any new mill has been erected, or that any alteration has been made in the old, we consider the parties bound by the judgment in the former process, both as to the height of the dam and the time of flowing.
*65 i> The remaining question is, whether the complaint can be supported under the third section of the statute; and we think that it may be. That part of it, which relates to the raising of the dam, and flowing the lands for a longer portion of the year than was allowed by the former judgment, may be considered as surplusage; and that being rejected, no exception to the complaint remains. For it sets out the former judgment, avers that the damages allowed by the former jury are insufficient, and ought to be increased, and concludes, as a complaint grounded on the third section of the statute ought to conclude, by praying that a warrant may issue to the sheriff to summon and empanel a jury for the purpose of ascertaining and increasing the damages in the premises, and for no other purpose. The complaint, therefore, is sufficient to warrant further proceedings according to the third section of the statute, and the first plea is adjudged bad. The second plea is immaterial, for reasons already given, and may be withdrawn from the record.
A certificate must go to the Court of Common Pleas, that such further proceedings may be there had, as law and justice may direct

 6 Mass. Rep. 398

 3 Mass. Rep. 134.

 [Quere whether the act should have been regarded as only giving an additional remedy. See note to Vandusen vs. Comstock.—Ed.]