## AXTELL vs. COOMBS & AL.

In proceedings under the statutes respecting damages for flowing lands, the respondent may plead any matter shewing sufficient cause why further proceedings should not be had ; though such plea be not enumerated in the statutes.   And if  such plea  is in its nature preliminary  to the appraisement of damages by the commissioners, it will be tried at the bar of the court, previous to the issuing of the warrant.

If  the plea in such case  involves matter triable  by the jury, with  other matter cognizable only by the  commissioners, the  finding, as to this  latter part, will be rejected as surplusage.

In  this case, which was a complaint for flowing lands of  the complainant, the respondents pleaded in bar that the land  " had not been  flowed and  rendered of  no value and  use to  the complainant" by reason of their mill-dam ;  on which issue was taken to  the country ;  and the  jury found that  the lands  had been  so flowed  and *rendered of  no value and  use*, &c.   Hereupon  the respondents  moved that  the verdict  be set aside,  because the issue made  up and  tried by  the jury  was not  authorised by the statutes on which this process is founded ;  because the jury had undertaken to determine the  extent of  the  injury done  to the land, which was a question to be decided wholly by  commissioners to be appointed by the court; or  by a  jury to be  afterwards empannelled for that purpose ;  and because the  verdict precluded the commissioners  from making a report that the  complainant had sustained no damage, if such should be their opinion.

*Orr* and *Boutelle*, in support of the  motion, contended  that as the  proceedings  were  altogether of  statute creation, no  issues could be formed to the jury, except such as were enumerated in the statute ;  and the issue made up in this case *not being* of that description, it was a mistrial.   *3 Mass.* 184.   6 *Mass*. 398.   The question of damage belonged wholly to the commissioners.

*Bond*  and *R. Williams*, for the  complainant, replied that  the enumeration of certain issues in  the statute, did not exclude any others which might be pertinent to the case, or necessary to elu-

cidate its merits. The respondent must of course be entitled to shew any legal cause why a warrant should not issue to appraise the damages ; and to have the fact tried by a jury. As to the immateriality of the issue, it is not for the respondent to make the objection. 2 *Saund.* 317, *note.* 1 *Chitty's Pl.* 634. *Doug.* 396.

WESTON J. delivered the opinion of the court.

By the second section of the statute of Massachusetts of 1797, *ch.* 63, being an act in addition to an act for the support and regulation of mills, it is provided that the party charged by the complaint may, by his plea, dispute the statement made by the complainant,and issue being joined thereon,the same is to be tried by a jury at the bar of the court, if it be an issue of fact ; but if of law, by the court themselves. Under this statute, *Parsons C. J.* says, in delivering the opinion of the court, in *Lowell v. Spring* 6 *Mass.* 398, that the respondent may deny that he is the owner of the dam, which may have occasioned the flowing. It would doubtless under this statute have been equally competent for the respondent to deny, that any flowing was caused by the dam.

By the second section, *ch.* 45, of the revised statutes of this State, which provides for the regulation of mills, the party charged in the character of owner or occupant of the mill, is to be notified to appear and show cause, if any he has, why a warrant should not issue in the manner, and for the purposes,prayed for in the complaint. The third section provides for the trial of an issue, if of fact, by a jury at the bar of the court; or if of law, by the court themselves ; which may be joined upon a plea of the respondent, denying the title of the complainant to the lands alleged to have been flowed, or claiming a right to flow such lands, without payment of damages, or for an agreed composition. This second section is a re-enactment of the second section of the statute of Massachusetts before cited, omitting the specification of a plea, in which the respondent may dispute the statement made by the complainant. The fourth section of the revised statute provided that, if the owner or occupant of the mill shall

not appear, or appearing shall not show sufficient cause, the court may issue a warrant to the sheriff, or his deputy, to empannel a jury, who "shall be sworn to make a true and faithful appraisement of the yearly damages done to the complainant, by so flowing his lands, and how far the same may be necessary." And if such jury find that "no damage is done to the complainant by flowing his land, as aforesaid, the respondent shall recover his costs." By the additional act of *February*, 1824, *ch.* 261, the fourth and fifth sections of the revised statute of this State, before cited, are repealed ; and, as a substitute, it is by the additional act provided " that if any owner or occupant of a mill, being notified as directed in the second section of the act, to which this is in addition, shall not appear, or appearing shall not show sufficient cause, the court, in which the complaint therein mentioned may be pending, may appoint three or more disinterested freeholders of the same county, to make true and faithful appraisement, under oath, of the yearly damages, if any, by flowing his said lands, and how far the same may be necessary."

By the statutes of this State, both in the trial by the sheriff's jury, and in the examination afterwards substituted by commissioners, two facts are taken for granted ; that the party charged is the owner and occupant of the mill; and that the complainant's lands are flowed by reason of the dam, appertaining to such mill. These facts therefore, are not made the subjects of their inquiry. If then the pleas, specified in the third section of the revised statute of Maine, are the only ones which the party charged can be allowed to plead, he may have a just defence, and yet be altogether precluded from making it ; which the legislature could certainly never have intended. The pleas stated in the third section, cannot be considered as designed to exclude others, which show the complaint unfounded, and which are not subjected to the examination of the commissioners.

The respondent is notified to show cause why the court should not proceed to the appointment of commissioners, to ascertain the extent of the injury, in conformity with the statute ; which is to be done only, if no sufficient cause be shown against it. Any

plea, showing that the process ought to abate, as coverture, for instance, on the part of the respondent, would be a sufficient cause. So the respondent might, by demurrer, object to the complaint, as insufficient in law on the face of it, to charge him. Or he might plead that he was not the owner or occupant of the mill and dam, as averred in the complaint, by which the injury was occasioned ; or that the lands of the complainant were not flowed by reason of the dam. Either of these pleas would show sufficient cause why further proceedings should not be had; and they are in their nature preliminary to the appraisement to be made by the commissioners.

Whether the flowing of land at a distance from the dam, is or is not occasioned by it, may often be a nice question, as it was in the present case. If it could easily be determined by a view, that might best be made by the commissioners ; although, as before stated, their proceedings are predicated upon the assumption of the fact, that the complainant's lands are flowed by the respondent's dam. The precise fall of water, from one point to another, at a distance, can be ascertained only by accurate instruments, adapted to the purpose, in the hands of those, who are skilful in the use of them. And when that is known, what influence a dam may have upon the waters of a stream above, or of the larger collections from which it flows, is not always, it is believed, a question of very easy solution ; or one of mere calculation, upon any well ascertained principles of science. The best evidence upon this point would arise from proof of the state of the waters prior and subsequent to its erection ; making proper allowance for the difference of seasons. And from this comparison, especially if proved by those who had made accurate observations for a succession of years, a jury might be enabled to come to a satisfactory result ; taking care, as they ought to do, the burthen of proof being on the complainant, not to find for him upon this point, unless the fact be made out clearly, and beyond reasonable doubt.

That the complainant's land is flowed by the respondent's dam, is the very *gravamen* or injury complained of ; the respondent must therefore be received to deny this fact, and if he do, the

complainant must be holden to prove it. No provision having been made for the trial of this question by the commissioners; if tried at all, it must be, as other issues of fact are, by a jury at the bar of the court.

The averment that the complainant's land has been flowed by the respondent's dam, is established by the verdict of the jury. Had they found otherwise, the complaint could not have been sustained ; and the respondent would have been entitled to judg-ment. Notwithstanding the parties have, by their pleadings, submitted to the jury, and they have found matter, which is the proper subject of consideration for the commissioners, namely that the complainant's land is rendered of no value, by reason of the flowing ; yet we may regard this part of their verdict as surplusage, and consider it as conclusive only upon the fact of flowing.

The motion to set aside the verdict is overruled, and three disinterested freeholders within the county are to be 'appointed to examine, appraise, and report, according to the provisions of the statute.