### COWELL *vs.* THE GREAT FALLS MANUFACTURING COMPANY.

In a complaint for flowing lands, under *Stat.* 1821, *ch.* 45, no appeal lies from the judgment of the court below, unless the respondent, in his plea, either denies the title of the complainant to the lands flowed, or claims the right to flow them without the payment of damages, or for an agreed composition.

THIS was a complaint for flowing lands by the erection of the re-

*spondents'* mill-dam. On the appearance of the respondents, the court below, by consent of parties, appointed commissioners pursuant to the statute, to make a true and faithful appraisement, under oath, of the yearly damages, if any, done to the complainant by flowing his land ; and how far the same might be necessary ; and to ascertain and make report what portion if the year the land ought not to be flowed. The commissioners returned that no damages were sustained. Whereupon the complainant requested a trial by jury, at the bar of the court ; and the respondents filed a general plea of not guilty, upon which issue was joined. The jury found that the respondents were guilty ; and that it was necessary that they should keep up their dam at its present height, during the whole of each year; and assessed a sum in damages, to be paid for each year in which the flowing might be continued. Judgment being rendered upon this verdict in the court below, the respondents claimed an appeal to this court ; which *Whitman C. J.* refused to allow; and the question now was, whether, in this case, any appeal did lie.

The point was briefly spoken to, by *J. Shepley* for the appellants, and *N. Emery* and *Hayes* for the appellee ; after which the opinion of the Court was delivered by

Weston J. It has been contended, by the counsel for the party claiming an appeal in this case, that the second section of the act of Massachusetts, *Stat. 1797, ch. 63,* and the third section of our revised statute, for the support and regulation of mills, are substantially the same. Upon comparing them however, a manifest difference will be found to exist. In the Massachusetts statute, it is provided that if any owner or occupant of any mill shall plead to such complaint, and in his plea shall dispute the statement made by the complainant, or shall deny the complainant's title to the lands, said to be damaged by flowing, &c. after the trial of an issue joined thereon in the Common Pleas, an appeal is given to the Supreme Judicial Court. In the corresponding section, in the revised statute of Maine, the words, " and in his plea shall dispute the statement made by the complainant," are omitted. But if the owner or occupant of the mill deny the right of the complainant to the lands,

alleged to have been flowed ; or claim to flow without payment of damages, or for an agreed composition after issue, trial and judgment thereon in the Common Pleas, an appeal is given to the Supreme Judicial Court. Now in the case before us, no such plea was made by the respondents there, either before or after the appointment of the commissioners. These pleas are in their nature preliminary to the appointment of commissioners, and could not regularly be received after the agreement of the parties to such appointment, for the purpose of obtaining their report upon the questions by law to be submitted to them. Their adjudication upon these questions is not conclusive, but subject to the revision of a jury, at the bar of the court. *Stat.* 1824, *ch.* 261, *sec.* 1. It is manifest, that these questions alone are open to their consideration ; for these proceedings are directed by the statute, only in case the owner or occupant of the mill, after notice, shall not appear to answer to the complaint, or appearing, shall not show sufficient cause against the appointment of commissioners. Neither of the questions in the third section of the statute of 1821, *ch.* 45, were or could be tried by the jury, after their report, and consequently no appeal lies to this court.

The respondents rely upon the case of *Lowell v. Spring*, 6 *Mass.* 398, in which it is stated by *Parsons* C. J. in delivering the opinion of the court, that if the respondent deny that the complainant has sustained any damage, and issue be joined upon this point, after trial and judgment in the Common Pleas, an appeal lies to the Supreme Judicial Court. And it is insisted that this question being one of those which by our law is submitted to the commissioners, and subsequently to the jury, the same construction should obtain upon our statute. An appeal lies in Massachusetts, because such plea disputes the statement made by the complainant ; but in our statute, the right of appeal is clearly narrowed, by the omission of this general ground, given by the statute of Massachusetts, and it is limited to judgments rendered in the Common Pleas, upon the pleas specifically pointed out in our statute, of which the plea upon the complaint under consideration is not one ; we are therefore of opinion that the court of Common Pleas rightfully refused to allow the appeal in the case before us; and it is accordingly not sustained.