## THE HAMPSHIRE AND HAMPDEN CANAL COMPANY *versus* THOMAS ASHLEY.

In pursuance of the provisions of *St.* 1822, *c.* 59, incorporating the Hampshire and Hampden Canal Company, the owner of land, through which the canal was located, being dissatisfied with the damages awarded him by the special commissioners appointed by virtue of that statute, applied to the county commissioners for a jury to assess the damages; and the jury summoned in consequence of such application, returned a verdict in his favor for increased damages. It was *held*, that he was not entitled to costs, the *St.* 1822, *c.* 59, making no provision for the taxing of costs for the land-owner under such circumstances, and the *St.* 1784, *c.* 28, § 9, which provides that in all actions, the prevailing party shall be entitled to costs, not being applicable to the case.

Where a warrant issued by the county commissioners to a sheriff, directing the empannelling of a jury to assess the damages sustained by a land-owner, in consequence of the location of a canal across his land, was made returnable to the Court of Common Pleas, and was accordingly returned to that court, together with the verdict, and that court thereupon ordered the warrant and verdict to be transmitted to the county commissioners, on the ground, that the warrant should have been returnable to the county commissioners, it was *held*, that the return of the warrant was of the substance of the proceeding; that, if the warrant should have been returnable to the county commissioners, the error was not cured by the order of the Court of Common Pleas; and that the county commissioners had no jurisdiction over such warrant and verdict.

PETITION for a writ of certiorari to the county commissioners of Hampden.

The following facts appeared from the petition.

At a meeting of the county commissioners on the second Tuesday of May, 1828, the respondent presented a petition, alleging, that by the act of incorporation of the Hampshire and Hampden Canal Company, (*St.* 1822, *c.* 59,) it was provided, that three commissioners should be appointed by the Court of Sessions for the county of Hampshire, to estimate the damages which should be sustained by any person over whose lands the canal might be located ; that the canal was located across two parcels of land belonging to the respondent, in Westfield ; that the commissioners appointed by virtue of that statute, appraised the damages sustained by the respondent at the sum of $20 ; that that sum was by no means equal to the actual damages sustained by him ; and that therefore he prayed, that a jury might be summoned to

assess to him his reasonable damages, agreeably to the statute in such cases provided.

On May 10, 1833, the county commissioners issued a warrant to the sheriff, requiring him to summon a jury for the purposes mentioned in the petition, and further directing, that, when the jury should have agreed on their verdict, it should be returned to the Court of Common Pleas, at its session next afterwards, in order that it might be adjudicated upon by that court. On June 13, 1833, a jury summoned in pursuance of the warrant, and duly empannelled by the sheriff, returned a verdict assessing the damages sustained by the respondent, at the sum of $86. At the session of the Court of Common Pleas held on the third Monday of June, 1833, the sheriff made return of the warrant, together with the verdict. The Court of Common Pleas thereupon ordered the warrant, the verdict, and all the papers belonging to the case, to be transmitted to the county commissioners at their next session, on the ground, that the warrant ought not to have been made returnable to the Court of Common Pleas, and that that court had no jurisdiction over the subject. At a meeting of the county commissioners held on the fourth Tuesday of June, 1833, the verdict was accepted, and judgment was rendered in favor of the respondent, for the amount of the verdict, and for his costs.

The present petitioners thereupon alleged, that in the records and doings upon the petition of the respondent, and in the rendition of judgment thereon, there were several errors, which were set forth. Among them were the following :

1. The warrant having been made returnable to the Court of Common Pleas, and having been returned to that court, together with the verdict, in pursuance of the command in the warrant, the county commissioners ought not subsequently to have accepted the verdict, or to have rendered judgment thereon.

2. The county commissioners rendered judgment in favor of the respondent for costs, which they had no right to do, either by the act incorporating the present petitioners, or by the law of the land.

42 *

Hampshire &c. Canal Co.
*v.*
Ashley

Hampshire
&c. Canal
Co.
*v.*
Ashley.

Sept. 27th,
1833.

Sept. 28th,
1833.

The petitioners therefore prayed that the proceedings might be quashed.

*Forbes* and *Ashmun*, for the petitioners.

*Boise* and *W. G. Bates*, for the respondent, cited, as to the third error assigned, *St.* 1820, *c.* 79, § 4.

WILDE J. delivered the opinion of the Court. Several errors have been assigned in the record of the proceedings of the county commissioners on the respondent's petition, and in the rendition of judgment thereon, one of which appears to us conclusive in favor of the petitioners, and we have not considered the other errors assigned.

It appears by the record, that the county commissioners rendered judgment in favor of the respondent, on his petition for an increase of damages, not only for the damages assessed by the jury, but for his costs also ; which they were not authorized to do.

By the *St.* 1822, *c.* 59, § 8, it is enacted, that " if the party injured " (by the laying out of the canal) " in his, her, or their estate, apply for a jury, and fail to obtain increased damages, such party shall be liable for all legal costs arising after the entering of such application for a jury." But there is no provision for taxing costs against the other party, when the petitioner succeeds in obtaining an increase of damages. So there is no provision for costs for either party on the assessment of damages in the first instance by the commissioners ; and doubtless it was considered unreasonable by the legislature, that the party resting satisfied with the assessment by the commissioners should be mulcted in costs for any mistake in judgment of theirs. This is suggested as a reason for a similar provision, in respect to costs on the laying out of highways, in the case of *Commonwealth* v. *Carpenter*, 3 Mass. R. 270. But whatever may be the reason why no provision was made for the allowance of costs in a case like this, it is sufficient for the present, that no such provision has been made. The *St.* 1784, *c.* 28, § 9, entitling the prevailing party to recover his costs, is confined to civil actions, and cannot by any reasonable construction be extended to cases ‘ke the present.

*Certiorari granted.*

After the return of the writ of certiorari, *Boise* argued, that the fact that the warrant for a jury was made returnable to the Court of Common Pleas instead of the county commissioners, was owing to an error of the clerk, for which the respondent ought not to suffer ; and that the proceedings had been set right by the order of that court, and the canal corporation had sustained no injury in consequence of the mistake. *Sawtell, Petitioner*, &c. 6 Pick. 110.

SHAW C. J. delivered the opinion of the Court. It seems conceded in the argument, that by the statute the warrant should have been made returnable to the county commissioners, and such was the decision of the Court of Common Pleas. We have not examined the complicated provisions on this subject, changing the jurisdiction of these tribunals ; and it is the less necessary, because if that decision of the Court of Common Pleas was wrong, it should have been excepted to and set right in due course of law, and their act declining the jurisdiction and transmitting the proceedings to the county commissioners was erroneous.

Supposing the decision of the Court of Common Pleas correct, the Court are of opinion, that the return of the warrant was of the substance of the proceeding ; it fixed the tribunal before which, and the time and place at which, the parties were next to appear, and have day in court. It is like the return of a writ, or report of referees. *Mott* v. *Anthony*, 5 Mass. R. 489. A compliance with the statute in this respect. is necessary, to give the court jurisdiction. Where the parties are already before a court of competent jurisdiction, by a proper return of process, such strictness may be dispensed with, and any irregular proceeding corrected by the order of the court. *Whitney* v. *Cook*, 5 Mass. R. 139 ; *Bacon* v. *Ward*, 10 Mass. R. 141. Without a legal return the Court of Common Pleas have no jurisdiction of the subject matter or of the parties. The return of a verdict is not like the case of a writ of execution, for preservation and record only. Parties may appear upon it ; the court may set it aside ; it is the foundation of further proceedings ; if a mistake of the time, in the return of process, is a fatal error, *a fortiori* is a mistake of the *forum*, before which it is returnable.

Hampshire
&c. Canal
Co.
*v.*
Ashley.

*Sept.* 16*th*,
1834, *in*
*Hampden.*

*Sept.* 26*th*,
*in*
*Hampshire*

The warrant not being made returnable to the county com-
missioners, and not being in fact returned to them by the
sheriff, it is difficult to perceive on what ground they could
receive and act upon it ; the return of the Court of Common
Pleas to them, was without legal authority, and was inope-
rative and void, except as a mere notice, that that court de-
clined the jurisdiction, and had done nothing either to affirm
or disaffirm the verdict.   For this error, we think, that the
proceedings must be quashed ; and this renders it unnecessary
to express any opinion upon the other errors assigned.