## LORING *vs.* O'DONNELL.

In a prosecution under the *Bastardy* act, it is necessary for the plaintiff to allege in her declaration, that, she being put upon the discovery of the truth, during the time of her travail, accused the defendant of being the father of the child whereof she was delivered.

A compliance with this requisition of the statute, is essential, not merely to qualify the plaintiff as a witness, but to the success of the prosecution.

THIS case is sufficiently stated in the opinion of the Court.

The principal question being, whether it was necessary for the plaintiff in a prosecution under the Bastardy act, to allege in her declaration, that she being put upon the discovery of the truth, during the time of her travail, accused the respondent of being the father of her child.

*Megquier,* for the plaintiff, contended that it was not. That, this was only necessary, in order to *qualify her for a witness.* But, that if she chose to rely upon the admissions of the respondent, or upon evidence other than her own testimony, she well might.

In this case, the strongest possible evidence is furnished of the

truth of the charge made by the plaintiff, *viz.* the *admission* of the respondent *by his demurrer.* All the facts are stated in the plaintiff's declaration, to which she would have been allowed to testify if she had been a witness — and all these facts are admitted by the demurrer. It would therefore seem to be a strange construction of the statute, which would deprive the plaintiff of the benefit of this admission, unless she had done, what it was necessary for her to do, only to qualify herself for a witness.

That, a literal compliance with every provision of this statute is not essential, is settled in the case of *Mariner* v. *Dyer,* 2 *Greenl.* 165.

In *Dennet* v. *Kneeland,* 6 *Greenl.* 460, the point now raised, was distinctly settled, in accordance with the views now taken by the plaintiff. The Court there say, "*this cannot be regarded as essential, inasmuch as the complaint may be made, and the party held to answer before delivery.*" This was not a mere *obiter dictum,* but a solemn decision of a point raised in the case; and as such, is deemed to be conclusive of the case at bar.

*R. A. L. Codman,* for the respondent, cited *Mariner* v. *Dyer,* 2 *Greenl.* 167; *Drowne* v. *Stimpson,* 2 *Mass.* 443; *Paul* v. *Frazier,* 3 *Mass.* 71; 4 *Kent's Com.* 178; 2 *Dane's Abr. ch.* 60, *art.* 3; *Foster* v. *Beatty,* 1 *Greenl.* 304; *Dennet* v. *Kneeland,* 6 *Greenl.* 460.

The opinion of the Court was delivered by

PARRIS J. — This is an application for a certiorari to the Court of Common Pleas in this county to send up the record in a case, wherein the petitioner is complainant against the respondent, prosecuted under statute *ch.* 72, for the maintenance of bastard children.

The petitioner sets forth, in her petition to this Court, a copy of her complaint which she made to the court below, and likewise a copy of a special demurrer filed thereto by the respondent alleging for cause " that the plaintiff hath not in and by her declaration alleged or shewn that she, being put upon the discovery of the truth during the time of her travail, accused the respondent of being the father of the child whereof she was delivered." An issue having been joined upon this demurrer, the declaration

was adjudged bad, and judgment rendered for the said *O'Donnell* against the complainant.

The petitioner prays the interference of this Court, that the judgment may be reversed, and that further proceedings may be had on her complaint.

It is an uniform rule of law, that when a statute gives a remedy, the party seeking the remedy, should in his declaration, allege all the facts necessary to bring him within the statutes.

The statute, on which this prosecution is founded is a transcript of the statute of *Massachusetts* upon the same subject, passed *March* 15, 1786. In commenting upon this statute, in *Drowne* v. *Stimpson*, 2 *Mass.* 443, *Parsons C. J.* says, " *To entitle the complainant to an adjudication*, the statute requires that she charge the defendant with being the father in her travail, and that she afterwards continue constant in her accusation." And again, in the same opinion he says, " In this complaint it ought to have been averred, not only that she had been delivered of a bastard child, of which the defendant was the father, but that she had accused him in the time of her travail." In *Foster* v. *Beatty*, 1 *Greenl.* 304, *Mellen C. J.* in delivering the opinion of this Court, says, "After the action is entered, and before the cause can be put to trial, the complainant must file a declaration, stating all the material facts which are necessary to be proved to support the prosecution. In this declaration she should state that she has been delivered of a bastard child ; that it was begotten upon her body by the person accused, &c. *and that, being put upon the discovery of the truth respecting the same accusation in the time of her travail, she did thereupon accuse the defendant of being the father of such child.*"

The statute says, " If she, being put upon the discovery of the truth, &c. in the time of her travail, shall thereupon accuse, &c. and shall prosecute the accused as the father of such child, in which prosecution she shall be admitted as a competent witness, and the examination before the Justice shall be given in evidence on the issue, or if by default, or by his plea he shall admit the truth of the allegations contained in said prosecution, he shall be adjudged the reputed father, &c. The statute has pointed out the mode of prosecution and proof and that must be pursued, and

we much doubt whether any evidence, other than that specified by the statute, would be sufficient. Who, but the mother, can know the paternity of the child. To prove it, the statute has wisely required that she be particularly examined in writing and under oath before a magistrate ; — that she be again put upon the discovery of the truth of her accusation in the time of her travail, and unless these preliminaries are attended to, we think the accused cannot be put upon his defence. When these and the other requirements of the statute have been complied with, the burden of proof will be thrown on the accused, and then to rebut his proof, or support her own, the prosecutrix may resort to his confessions, his conduct and other testimony corroborative of her accusation.

The petitioner places much reliance upon the opinion pronounced by this Court, in *Dennet* v. *Kneeland,* 6 *Greenl.* 460. The language of the Judge giving the opinion is this, " It is objected that the complainant has not alleged in her complaint that she accused the party charged in the time of her travail. This cannot be regarded as essential, inasmuch as the complaint may be made and the party held to answer before delivery." — This observation must unquestionably refer to the complaint to the Justice of the Peace, and not to the complaint and declaration to be filed in the Common Pleas. In the latter she must aver that *she has been delivered* of a bastard child, *Drowne* v. *Stimpson,* and *Foster* v. *Beatty* before cited, for the only object of the whole procedure is to compel the accused to assist in the maintenance of such child, and give security to save the town free from charge, and he is not called to defend himself until the child is born. The application to the Justice of the Peace for a warrant is called a complaint on oath, in the second section of the statute, and it must have been that complaint upon which the opinion of the court was expressed in *Dennet* v. *Kneeland.* This is the more obvious from a succeeding paragraph in the opinion wherein the Judge says, " we are all of opinion, as she did not accuse the respondent with being the father of the child in the time of her travail, before delivery, that *this is a defect fatal to her prosecution."*

But there is another difficulty in this case, which has not been adverted to by the counsel, on either side. What if the decision of the court below had been erroneous? How could any trial be had in this court? The statute provides that the proceedings shall be had in the Court of Common Pleas. — That court is to adjudge the respondent the reputed father of the child, and assess the sum for which he is to be charged for its maintenance and to order indemnity to the town. These powers are not given to this Court; *Drowne* v. *Stimpson*, before cited. And, as the proceedings are not according to the course of the common law, we are not authorized to render a right judgment, even if we were satisfied that the judgment of the court below was wrong. *Melvin* v. *Bridge*, 3 *Mass.* 305 ; *Edgar* v. *Dodge*, 4 *Mass.* 670.

But the difficulty ends not here. In *Commonwealth* v. *Ellis*, 11 *Mass.* 466, in giving the opinion of the court, *Jackson J.* says, "If the court below proceed in a course different from that of the common law, the only mode of correcting any error that may have occurred is by a *certiorari ;* on which this Court, not having the same special jurisdiction, cannot, in any case, render such judgment as ought to have been rendered below; but can only affirm the proceedings, if found to be regular, or quash them if the court below has exceeded its jurisdiction, or proceeded in a manner not warranted by the statute, or other authority under which it acts." So in *Melvin* v. *Bridge,* before cited. *Bridge* prosecuted *Melvin* in the Common Pleas for taking certain fish in *Merrimack* River, contrary to a special statute of *Massachusetts*. *Melvin* was acquitted by verdict of a jury, and the court adjudged that *Bridge* take nothing by his complaint. *Melvin*, thereupon, moved for judgment for costs in his favor, which the court denied. He then brought a writ of error to have the judgment corrected. The court quashed the writ of error because the proceedings in the court below were not according to the course of the common law, but added, " If we were to consider these proceedings as certified on a *certiorari,* the plaintiff in error could not be relieved, as a judgment for costs could not be rendered, but only the proceedings affirmed or quashed."

It is true, that some of the difficulties here suggested have been removed by statute of *March* 11, 1835, *ch.* 165 ; but it is

expressly provided, that the provisions of that act shall not be applied to any actions pending or commenced before its passage.

This process was pending in the Common Pleas as early as *March*, 1834, and final judgment was rendered in that court previous to the passage of the act above referred to.

Under all the embarrassments pressing upon this case, we think the writ must be denied.