Lane, C. J.
The defendants object to any examination of these proceedings, because they are pending before us by error, and not by certiorari. The distinction between the respective offices of these writs is well marked in England and in some of the states, but in our practice the difference in the forms of these writs, the mode of allowance, the process, the assignment of errors, and the judgment, is so slight, that it has almost disappeared; and, although no case is known, or believed to exist, where judgments proper have been reviewed by certiorari, or whore the proceedings of other public bodies, except courts of common law, have been cai’ried up by writs of error, yet the acts of courts of record, other than their common law proceedings, are daily examined by writs *481 of' error, and several reported cases show the existence of the practice. 4 Mass. 670; 9 Ib. 465; 4 Pick. 125; Wright, 673; 7 Ohio, 130, 178, pt. 2; 9 Ib. 142.
Our proceedings, for dividing lands under the statute of Ohio, must not be confounded with the common law writ for the same-purpose. .That is properly a suit to which the tenants to the freehold are the regular and the necessary parties, and which binds all rights, by its proper vigor as a judgment.
Our petitions for partitions are, in no just sense, adversary. They confer no new rights, but merely define those already existing.. They have, in truth, no proper parties, but are analogous to proceedings in rem. 6 Ohio, 269; 9 Ib. 120. All presumptions are-to be made in their favor. 10 Ohio, 250; 6 Ib. 255. And their validity is not to be collaterally impeached. 10 Ohio, 250; 12 Ib. 253.
Where the exercise of jurisdiction depends upon the existence-of a fact dehors the record, the act is void, if the fact is shown not to exist. 4 Wheat. 77; 12 Ohio, 207, 253. And if a court falsely assume the existence of the fact on which their jurisdiction depends, and carry into the record their finding of its existence, the proceedings, although void, *yet admit reversal on error, since it may afford the only effectual protection of the party. Upon this principle, judgments against femes covert, or a person deceased, although void, are reversible at common law, upon the-assignment of the error in fact-. So the actual residence of a defendant is assignable as an error in fact, to reverse a foreign attachment, because, say the court, the party seems to have no other-remedy. 2 Ohio, 28.
This reasoning applies to the case before us. The petitioner avers he is a tenant in common with persons unknown, in the two-tracts of land of which he seeks partition. The “persons unknown,” from whom he demands partition, are the real owners, whoever they may be. The right, therefore, to his remedy, depends upon the existence of a tenancy in common, between the real owners of the land which ho seeks to divide, of whom he represents himself to be one. If no tenancy in common subsists between the real owners of the land to be divided, the preliminary fact,, the existence of which he assumes, and which alone renders the-interposition of the court necessary, yields no basis for further action. Land, under such proceedings, can not well.be set out in *482 •severalty anywhere, certainly not in one of two tracts where ■division is demanded, without the sacrifice of some one’s rights ; ■it therefore becomes necessary, for the preservation of all interests, ■to reverse such erroneous proceedings.
Order of partition reversed.