CEPHAS BRACKETT & others *vs.* ENOCH BULLARD.

A mortgage of goods vests the general property in the mortgagee, who has the immediate right of possession, unless there is an express stipulation to the contrary, and may maintain an action of trespass against him who wrongfully takes the goods away, although he has not given notice to the mortgagor or person in possession, pursuant to *St.* 1843, *c.* 72, § 1, of his intention to foreclose the mortgage.

Under the Rev. Sts. *c.* 90, § 79, a demand by a mortgagee of goods upon an officer or creditor who has seized them for the debt of the mortgagor, if not made until ten months after the seizure, and no good cause is shown for the delay, is not within a reasonable time, and will not give the mortgagee a right of action against the officer.

The Rev. Sts. *c.* 90, do not authorize an officer to seize mortgaged goods on an execution against the mortgagor, but only on a writ of attachment.

THIS was an action of trespass, to recover the value of personal property, which was seized and sold by the defendant, a deputy sheriff in the county of Norfolk, on an execution in favor of David O'Brien.

It appeared in evidence, on a trial in the court of common pleas, before *Merrick,* J. that said property was mortgaged to the plaintiffs, by a deed dated February 2d 1843, and recorded on the 10th of March following ; that the mortgage was made without the request or knowledge of the plaintiffs ; that, at the request of the mortgagor, a person employed y aim took a list of the mortgagees, (who were about twenty m number,) and saw them on the 7th of April 1843, and informed them of the mortgage, and that they, without seeing the instrument, said they would accept it ; that the said property was seized on execution, by the defendant, on the 11th of April 1843, and was sold on the 25th of the same month ; that some of the plaintiffs gave the defendant notice of their mortgage, and demanded payment of the money due thereon, on the 15th of February 1844, and the others on the 9th of March 1844, agreeably to the Rev. Sts. c. 90.

The defendant's counsel contended, that as no evidence had been given of any notice to take possession of the property, or to foreclose the mortgage by the plaintiffs, agreeably to *St.* 1843, *c.* 72, the plaintiffs could not maintain trespass. The defendant's counsel also objected to the sufficiency of the notice, on account of its having been given ten months after the time when he sold the property.

The judge instructed the jury, on both points, in favor of the defendant, and directed a verdict for him, which was returned accordingly.   The plaintiffs excepted to the said instructions.

*E. Smith,* for the plaintiffs.

*Hallett & Wellington,* for the defendant.

Shaw, C. J.   On the trial in the court of common pleas, two exceptions were taken by the counsel for the defendant, which were sustained by the court.   *First,* that an action of trespass would not lie, because the mortgagees had not taken possession of the property pursuant to *St.* 1843, *c.* 72, § 1. This statute merely directs that the mortgagee shall take possession of the property, and hold it sixty days, before the mortgagor's right to it shall be forfeited.   But it does not

affect the rights of third persons. By the general rules of law, a mortgage of goods is a transfer, defeasible indeed, on a condition subsequent, still a transfer, which vests the general property in the mortgagee. Then, when there is no express stipulation to the contrary, the right of possession follows the right of property; and a right of present possession is sufficient to enable one to maintain trespass. Ham mond's Nisi Prius, 219. *Holly* v. *Huggeford*, 8 Pick. 73.

The *second* exception is, that notice of their demand was not given by the mortgagees to the officer or creditor, within a reasonable time. What is a reasonable time, on a given state of facts, where there is no positive law fixing the time, is a question of law. *Smith* v. *Newburyport Marine Ins. Co.* 4 Mass. 670. *Johnson* v. *Sumner, Housatonic and Lee Banks* v. *Martin,* and *Legate* v. *Potter,* 1 Met. 172, 294, 325. Upon the facts stated in the bill of exceptions, this court are of opinion, that the decision of the court of common pleas was right.

As this last point is decisive against the plaintiffs' right to maintain the action, although the first exception is sustained the court are of opinion that there must be

*Judgment on the verdict for the defendant.*

NOTE.  Since this decision was made, it has been decided (*Lyon* v. *Coburn,* March term 1848, in Suffolk) that the qualified right of a creditor to take the mortgaged personal property of his debtor, upon the terms and in the manner provided by statute, does not extend to taking on execution, but only to an attachment on mesne process; and therefore, if judgment creditors would resort to such mortgaged property of their debtors for satisfaction, it can only be done by attachment in an action of debt on the judgment. But this objection was not taken to the entire ground of defence relied on in the foregoing case, and the attention of the court was called only to the points stated in the bill of exceptions.