MULLEN BROS. JEWELRY, INC. *vs.* COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK. May 8, 1974. This action for breach of contract was referred to an auditor. On November 21, 1972, the presiding judge ordered that the order of reference be revoked unless the auditor's report was filed within thirty days; the report was filed thirty-five days later. The defendant's motion to strike the report was denied. The plaintiff's motion for judgment on the report was allowed. The case is before us on the defendant's bill of exceptions alleging error in the actions taken on those motions. It maintains that as the report was filed late it is a nullity and relies on *Mott* v. *Anthony,* 5 Mass. 489 (1809), and *Southworth* v. *Bradford,* 5 Mass. 524 (1809), in support of its contention. We are of the opinion that the late filing of the report did not ipso facto operate to revoke the order of reference and that the cases cited by the defendant are inapposite. Both cases involved references to referees under the "Referee Act" (St. 1786, c. 21). The failure of a referee to file a timely report was held to be jurisdictional in nature. See *Hampshire & Hampden Canal Co.* v. *Ashley,* 15 Pick. 496, 499 (1834), citing *Mott* v. *Anthony, supra.* The failure of an auditor to file a timely report, however, does not operate to divest the court of jurisdiction. See G. L. c. 221, § 62, which provides that in cases where an auditor (or a master) fails to file a timely report, such auditor "shall not be entitled to any fees . . . ." Neither § 62 nor any other applicable statute provides that a late-filed report shall not be allowed. To the contrary, the applicable statutes (G. L. c. 221, §§ 56-62A) and rules of court (Rules 86-89 and 92-94 of the Superior Court [1954]) are clearly intended to give the appointing court broad discretionary

authority over auditors and their reports. We are of the opinion that the judge's action in allowing the plaintiff's motion constituted an implicit allowance of a five-day extension of the time in which the report could have been filed. Such an allowance does not amount to an abuse of discretion.

*Exceptions overruled.*

*Cortland A. Mathers* for the defendant.
*Peter G. Collias* for the plaintiff.