The opinion of the Court was delivered by
Parsons, C. J.
The writ in this case was sued out to remove the record of a complaint and proceedings before Justice Wetmoi'e at the suit of the defendant in error, to recover of the plaintiff in error a fine for neglecting to appear *at a [*241 ] muster of a company of the militia, to which it is said the plaintiff belonged.
It is very clear that in this case a writ of error does not lie; and the plaintiff in error, if aggrieved, ought to have sought relief by writ of certiorari. From an irregularity in the practice heretofore existing, the Court sometimes, after the record has been sent up, have looked into it; and if any error was found, on which a certiorari would have been granted, they have quashed the proceedings; otherwise the writ of error has been quashed, as having issued improvidently.
Two exceptions to the proceedings have been taken by the plaintiff in error; one, that it appears from the evidence recited by the justice, that the plaintiff in error was, at the time when he was notified to appear, and when the company was mustered, a mariner actually employed in the sea service of a citizen within the United States. If this exception is supported by the evidence, it ought to prevail, agreeably to the act of congress, entitled, “ an act more effectually to provide for the national defence, by establishing a uniform militia throughout the United States,” passed May 8th, 1792.
But by examining the evidence, it appears that the plaintiff in error, at those times, was a lighterman, plying within the harbor of Boston, transporting ballast and stones from one part to another part of the harbor, in a vessel under twenty tons’ burden. From these facts, we are satisfied that the plaintiff in error was not a mariner actually employed in the sea service of a citizen of the United States, and that the conclusion drawn by the justice was legally correct.
C. Davis for the defendant in error, (a)
A second exception is, that the justice imposed on the plaintiff in error a fine of four dollars, when by law he had subjected himself only to a fine of two dollars. When a soldier, on due notice, shall neglect to appear armed and equipped at a battalion or regimental muster, he will forfeit four dollars; but he wil. forfeit only two dollars for neglecting to appear armed and equipped at a company muster.
In the proceedings before us, it does not appear that the plaintiff in error had been notified, or had neglected to appear at a [ * 242 ] battalion or regimental muster. The justice has, * therefore, mistaken the fine, and has exacted of the plaintiff in error a higher forfeiture than he had incurred.
As we should for this cause have granted a certiorari, let the proceedings be quashed.