Jackson, J.,
delivered the opinion of the Court.
If it appears, from this record, that the justice has mistaken the law, and imposed too high a fine for any one of the offences charged, the proceedings must be quashed, at least so far as respects that fine. The case cited in the argument, from 4 Mass. Rep. 239, is of that kind. The offence, which was there precisely alleged in the complaint, was one which did not, by the statute then in force, warrant the fine imposed. In the case at bar, the offence in question, as stated in the complaint, is neglecting to appear on the 3d of October, 1811, for inspection. If the complainant had called it a battalion, regimental, or brigade inspection, there would be no doubt that a fine of four dollars was incurred. Now, by the statute in force at that time, there was to be a meeting of each company by itself, for inspection and view of arms, on the first Tuesday of May in every year; and no meeting for inspection in any other part of the year, unless it was in brigades, regiments, or battalions. * The complaint accordingly distinguishes between [*459] the two first meetings, which are said to be for company exercise, and the last, which is said to be for inspection. The sum charged as forfeited for the three offences cannot be made out upon any computation under the statute, unless by considering the last as a meeting of a different kind from the first. The statute, which contains a form for such complaints, does not require it to be strictly pursued, but only that the complaint shall be in substance as there prescribed; and it is observable that the form in the statute contains no specification of the occasion or purpose of the meeting in any case.
We are therefore of opinion that the proceedings cannot be quashed for this cause; and that the third offence charged in this *414 complaint is such as would authorize the justice to impose a fine of four dollars. As there is nothing in the complaint itself, nor in the summons, which militates with this opinion, so it is confirmed by the sentence, which distinguishes in like manner between the last and the two first offences ; and by the statement of the trial, in which no objection appears to have been made on this ground to the demand of four dollars.
The next objection suggested in the argument applies to the form of the complaint. Some of the words in the statute are omitted in the first part of the complaint; but they seem to be sup plied by the schedule, and by other succeeding parts of the complaint ; so that, on the whole, the offences for which the party was summoned to answer are substantially and sufficiently set forth. As to having a distinct complaint and summons for every different offence, the statute does not require it; and it would be inconvenient for all parties, and would unnecessarily increase the expense of such suits.
The last objection arises from the report of the trial, as certified by the justice. The statute provides for a permanent discharge for any term, not exceeding a year, on account of bodily [ * 460 ] infirmity in the soldier, upon his procuring * a certificate in the manner prescribed in the twenty-ninth section. But if the officers should unjustly refuse to make such a certificate, or if the infirmity were accidental, and of short continuance, or if for any other reason the soldier should not have procured a certificate before the time of the company’s meeting, he may prove, by other competent evidence, that he was in fact unable to attend on account of such infirmity, (a) This the defendant attempted to do on the trial before the justice ; but it was proved that he wras able to attend on all the three days mentioned in the complaint.
The question, then, is, whether the certificate produced on the trial was, under all the circumstances, sufficient to exempt him from military duty. There is no doubt that such a certificate, if regularly and fairly procured, according to the provisions of the statute, would exempt a soldier, and preclude all further inquiry as to the fact of his infirmity. But the certificate in this case was not so obtained, (b)
The law requires that the certificate, after being signed by the surgeon, snail be presented to the commanding officer of the company, who is to exercise his discretion as to allowing the discharge, *415 and as to the length of time for which it shall avail the soldier. If allowed by him, it is still not effectual, unless approved by the commanding officer of the regiment or battalion, who is also to exercise his discretion on the subject.
Both these steps were omitted by the defendant in this case, who carried his certificate directly to the brigadier-general, and without informing him of this omission, procured his allowance of the discharge.
It is easy to imagine reasons for the course prescribed by the legislature on this occasion; but, without dwelling on those reasons, it is sufficient for us that the course is clearly and precisely marked out. The brigadier-general has no authority to examine such a case, or to allow a discharge, unless it has been previously refused by his inferior officers. There are probably many occasions on which superior officers may interfere with the functions of their inferiors, and * cause to be done what the inferior [ * 461 ] officer omits or refuses to do, when such interference is necessary for the public service, or is required by justice towards an individual. But it would be destructive of all discipline if they should, without any application to the inferior officer, presume that he intends to neglect his duty, and on that account undertake in the first instance to execute it themselves.
It was said in the argument that this certificate of the brigadier-general was conclusive, and that no evidence should have been received to contradict it. This is true of a certificate duly obtained; but the rule does not preclude evidence of the manner in which it was obtained, (a) The evidence objected to was not offered to contradict the fact stated in the certificate, supposing it legally granted ; but it was to show that the certificate itself was void and of no effect, because not granted conformably to the statute.
This case is unlike the case cited in the argument from 4 Mass. Rep. 556. There the enlistment of the private in the company of artillery was not void, and he was obliged by law to do duty in the company until legally discharged ; and was, of course, exempted from doing duty in the company of infantry, although the officer of the artillery who enlisted him might have proceeded illegally in so doing. And there also the facts, which rendered the proceeding irregular, were such as the private soldier could not be presumed to know. In the present case, the irregularity originated with the defendant, in not first presenting his certificate to his captain • and he was afterwards guilty of fraud, or committed a gross mistake, in not communicating that circumstance to the brigadier- *416 general. But whatever might be the cause of the irregularity, we t are satisfied that the certificate of discharge was void, and of course the judgment of the justice was right.

Proceedings affirmed.

а) Howe vs. Gregory, 1 Mass. Rep. 81.— Commonwealth vs. Fitz, post, 542.— Commonwealth vs. Douglas, 17 Mass. Rep. 49.

б) Commonwealth vs. Fitz, post, 542. — Commonwealth vs. Fanning, 14 Mass Rep. 290. — Commonwealth vs. Bliss, 9 Mass Rep. 322.

fa) Johnson vs. Morse, 7 Pick. 251. — Smith, Petitioner, &c. 3 Pick. 386.