# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOL AND DUKES-COUNTY, OCTOBER TERM 1833, AT PLYMOUTH.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

## Levi Cobb, Junior, Petitioner &c., *versus* Job Lucas.

Where a warrant from a captain in the militia seasonably delivered to a private in his company, to warn a company meeting, contained a notice to such private to appear himself at the time and place appointed, it was *held*, that such private was duly warned.

A captain in the militia has no authority to exempt a private from the performance of military duty on account of bodily infirmity, upon the certificate of a physician who is not a surgeon or surgeon's mate of the regiment, and does not reside within the bounds of the regiment.

An excuse for non-appearance of a private, which is required by the statute to be made within twenty days *after* any training, &c., cannot be made with effect *before* the training, &c.

Petition for a certiorari to a justice of the peace, by whom the petitioner had been fined for neglecting to appear at a brigade review on October 9, 1828.

At the trial before the justice it appeared, that the petitioner had been enrolled ever since 1823, in a company of

militia in Middleborough, and had generally done duty in the company, as other privates. An order, dated October 1, 1828, signed by the captain, was produced, directed to the petitioner, requiring him to warn certain persons belonging to the company, to appear at the dwellinghouse of Ebenezer Fuller, in Halifax, at 6 A. M. on the 9th of October, with arms, &c., for military duty, inspection, review and discipline; and in the margin of this was also a direction to the petitioner to appear himself, agreeably to the order. The captain testified that he delivered the order to the petitioner, on the 1st day of October. The testimony of the captain was objected to.

On the order was the petitioner's return, certifying that he had warned, according to law, the non-commissioned officers and privates named in the order.

The orderly book of the company was produced, in which was the following entry : — " Oct. 9th, 1828. By order of Captain Daniel Cobb the company under his command was ordered to appear at the dwellinghouse of Ebenezer Fuller, in Halifax, and was there inspected with the brigade under the command of Gen. Ephraim Ward, and the following names were absent, viz." &c. (naming the petitioner and others.) This record was objected to, 1. Because it did not contain the orders from the captain calling and warning the company ; — 2. Because it did not show that the company met or was paraded on the 9th of October ; — 3. Because it did not show that the roll was called on that day ; — and 4. Because it did not appear from the record, that the petitioner was not present at the supposed parade on that day.

It was proved by the testimony of Lucas, the complainant, the clerk of the company, that the company met at the time and place above mentioned, and that the petitioner was absent. This testimony was objected to.

The petitioner offered to prove, that he was not an ablebodied man liable to do military duty, within the meaning of the laws of the United States and of this State relating to the militia; that he was at the time of the muster, on the 9th of October, and had been ever since his enrolment in the militia, afflicted with a permanent disability, of a nature calcu

Cobb
*v.*
Lucas.

lated to disqualify him for performing the duties of a soldier, and sufficient to exempt him from enrolment.

It was admitted, that he had made no excuse of inability, except that two days *before* the review he presented to the captain a certificate of Dr. Capen, dated October 1, 1828, stating that on account of deafness and lameness, the petitioner ought to be exempted for one year from performing military duty. Dr. Capen had been lately, but was not at the date of his certificate, the surgeon of the regiment to which the company belonged, and he lived at Plymouth, without the bounds of the regiment. There were several respectable physicians residing in Middleborough, within the bounds of the regiment.

It was admitted by the petitioner, that it was in his power to make the excuse of his inability, within twenty days after the review, but that he had not done it.

The justice rejected the evidence of the petitioner's inability, and rendered judgment against him for a fine of four dollars, and costs.

*Oct. 27th.*
1830.

*Stevens*, in support of the petition for a certiorari, relied principally on two grounds ; 1. That the justice permitted the clerk of the company to testify, that the company met on the 9th of October and that the petitioner was absent ; and 2. That the justice rejected the evidence of the petitioner's inability to perform military duty. On this last point he contended, that the *St.* 1821, *c.* 92, requiring *excuses* to be made within twenty days after any training, &c., applies only to the case of a person duly enrolled and subject to militia duty, but temporarily disabled, and not to the case of one who is entitled to *exemption* by reason of his not being an able-bodied man ; and further, that in point of fact an excuse had been seasonably made by the petitioner. *Sherman* v. *Needham*, 4 Pick. 66 ; *Commonwealth* v. *Douglas*, 17 Mass R. 51.

*Eddy, contrà.*

The opinion of the Court was afterwards drawn up by

Morton J. Certiorari is not like error, a writ which the party may demand *ex debito justitiæ*, but is grantable at the *discretion* of the Court. In the exercise of this discretion the

Court will grant it whenever it appears that it is necessary to the due administration of justice. But they will always examine the circumstances of the case, and if substantial justice appears to have been done, they will not grant the writ to enable the applicant to take advantage of formal and technical errors or immaterial and circumstantial mistakes. *Ex parte Weston*, 11 Mass. R. 417 ; *Adams, Petitioner*, 4 Pick. 32. If, for instance, evidence has been illegally admitted, the Court will not grant a certiorari to reverse the judgment for such cause, where there appears to have been competent evidence enough clearly to warrant the judgment which was rendered. 6 Dane's Abr. 260 ; *Edwards* v. *Evans*, 3 East, 450 ; *Horford* v. *Wilson*, 1 Taunt. 12.

And in looking into the proceedings of an inferior tribu nal, for this purpose, the Court will not confine themselves to the records, but will receive other evidence to enable them to ascertain the merits of the case. *Inhab. of New Salem, Petitioners*, 6 Pick. 470 ; *Freetown* v. *The County Commissioners of Bristol*, 9 Pick. 50.

The petitioner, therefore, before his petition can be granted, must show not only that errors which will be fatal to the judgment have occurred, but that they relate to a material point and injuriously affect him.

The petitioner was duly warned. On the captain's warrant directing him to notify other members of the company, was a written notice to himself to attend. This was sufficient. That he duly received it, is proved by his own return upon the warrant. If he had not received the warrant containing this notice to himself more than four days before the review, he could not have returned, — that he had " warned and notified according to law," the other members of the company. The testimony of the captain and others to this point whether admissible or not, [see *Burt* v. *Dimmock*, 11 Pick. 355,] was wholly unnecessary.

The clerk was incompetent to testify that the company met at the time and place named, or that the petitioner was absent. He is made by a positive enactment in the statute of 1809, *c.* 108, § 18, [see Revised Stat. *c.* 12, § 112, *p.* 128,] competent for one purpose, but being entitled to a part of the

penalty sued for, and so interested in the event of the prose-
cution, he is inadmissible for any other. *Commonwealth* v.
*Paull*, 4 Pick. 251. The clerk not being able to testify to
the warning, was not admissible at all ; and the justice mani-
festly erred in suffering him to be sworn.

But the facts to which he testified were clearly and suffi-
ciently proved by other evidence. The orderly book which
was used, is the best evidence of the meeting of the com-
pany and of the absence of the petitioner. Although these
records appear to have been kept in a very irregular and im-
perfect manner, yet we think these two facts sufficiently ap-
pear from them. Besides, we see no objection to the amend-
ment of the record according to the truth of the case. *Welles*
v. *Battelle*, 11 Mass. R. 477.

The petitioner, in justification of his absence, offered to
prove his inability to perform military duty on the day of the
review. This evidence was rejected by the magistrate ; and
we think, properly.

It appeared that the petitioner had been enrolled and had
done duty in this company, several years. His enrolment
must be presumed to have been properly made, or he would
not have submitted to it for such a length of time. The
method of obtaining exemption, on account of bodily infirm-
ity, is pointed out in *St.* 1809, *c.* 108, § 29. "No non-
commissioned officer or private of any company shall be ex-
empted from military duty on account of bodily infirmity, un-
less he shall obtain from the surgeon or surgeon's mate of the
regiment to which he belongs, if either of those officers are
commissioned in such regiment, if not, from some respecta-
ble physician living within the bounds of the same, that he
is unable to perform military duty," &c. When such cer-
tificate is procured, the captain has a discretion to exempt
for a limited time or not, as he shall judge right. *Johnson* v.
*Morse*, 7 Pick. 251. But without such certificate he has no
power to act on the subject. If he grant an exemption, it
will not avail without the approbation of the commanding of-
ficer of the regiment or battalion. The petitioner did not
comply with this provision. And the production of a certifi

1 *

Cobb
*v.*
Lucas.

cate from a physician in another town, did not authorize the captain to grant him an exemption from duty.

The petitioner was therefore generally liable to do military duty. But he was, as he alleged, unable on this particular occasion. Can he be permitted to show this fact in defence ? We think not. The statute of 1821, *c.* 92, § 11, requires " that all excuses for non-appearance shall be made within twenty days after any training," &c., to the commanding officer of the company, who upon sufficient evidence may then excuse ; " but no excuse shall avail, on any prosecution, unless made before the expiration of twenty days aforesaid ;" or unless it shall appear that it was not in the power of the delinquent to make the excuse within the twenty days. The meaning of this provision is too plain to admit of any question. It was made to obviate the inconvenience supposed to arise from the construction which had been given to the 32d article of the 34th section of the statute of 1809, *c.* 108. See *Commonwealth* v. *Smith*, 11 Mass. R. 456 ; *Commonwealth* v. *Douglas*, 17 Mass. R. 49. It is peremptory.

The petitioner admits that he might have made an excuse within twenty days after the training. If he had done so, the captain might have excused him. Or if he had unreasonably refused, the sufficiency of the excuse might have been tried before the proper tribunal ; for the decision of the captain is not final. It is very clear that no excuse was made, within the meaning of the act. The offer of the certificate to the captain two days *before* the review, cannot be construed into an excuse. It was offered *before* the training ; — an excuse must be offered *after*. It was offered for the purpose of obtaining a future immunity, not to have an incurred penalty remitted, or to be excused for a past delinquency.

*Petition dismissed*