## Patrick M'Caffrey *versus* Micah G. Moore and Trustee.

Where an action was referred under a rule of court, to referees, whose award was to be final, and an award was made in favor of the plaintiff before the service of a trustee process against the plaintiff as principal and the defendant as his trustee, it was *held*, that as the defendant had no opportunity to plead this attachment in bar of the first action, he was not chargeable as trustee.

The answer of Richard Farwell, made at June term, 1834, of the Court of Common Pleas, set forth, that previously to the service of the writ, the defendant and Oliver N. Shannon, who, as the respondent supposed, were partners, commenced an action against the respondent and Silas Temple, to recover a debt alleged to be due from them jointly, on a building contract; that this action was referred, under a rule of court, to referees, whose award was to be final ; that, in the autumn of 1833, the referees met, and, after hearing the parties, awarded to the defendant and Shannon the sum of about $ 350 ; that exceptions were taken to the award ; and that at the June term 1834, of the Common Pleas, after the service of the trustee process, the award was accepted, and judgment rendered thereon for the sum of $ 350.

Shannon was summoned as trustee of the defendant in another action ; and by the consent of parties his answer in that action was to be taken as the answer of the respondent in the present action. By this answer it appeared, that there was no balance due to the defendant from Shannon, and that the amount of the award was insufficient to discharge the partnership debts still due, and to indemnify Shannon for what he had paid on the partnership account.

*F. Hilliard,* for the plaintiff, to the point, that the award was not a bar to the trustee process, cited *Gridley* v. *Harraden,* 14 Mass. R. 496 ; *Thorndike* v. *De Wolf,* 6 Pick. 123 ; *Eunson* v. *Healey,* 2 Mass. R. 32 ; *Sharp* v. *Clark,* 2 Mass. R. 91 ; *Howell* v. *Freeman,* 3 Mass. R. 121 ; *Prescott* v. *Parker,* 4 Mass. R. 170 ; *Kidd* v. *Shepherd,* 4 Mass. R. 238 ; *Foster* v. *Jones,* 15 Mass. R. 185 ; Report of the commissioners to revise the statutes, *c.* 109, § 30, and note ; that judgment on the award might be stayed permanently by reason of the trustee process, *Winthrop* v. *Carlton,* 8 Mass. R. 456 ; and that the service of the trustee process might be pleaded *puis darrein continuance,* in the action brought by the defendant and Shannon, after judgment was rendered on the award, *Watkinson* v. *Inglesby,* 5 Johns. R. 392 ; *Mechanics' Bank* v. *Hazard,* 9 Johns. R. 392 ; *Ridford* v. *Brown,* 10 Pick. 30 ; *Bowne* v. *Joy,* 9 Johns. R. 221 ; *Pell* v. *Pell,* Cro. Eliz. 101 ; *Babington* v. *Babington,* Cro. Eliz. 157.

*Robinson, contrà,* cited, on the first point, *Howell* v. *Freeman,* 3 Mass. R. 121.

SHAW C. J. delivered the opinion of the Court. The question is, whether the respondent, Farwell, is liable to be charged on his answers as the trustee of the defendant, Moore. From these answers it appears, that the respondent and another were indebted to Moore and another person, jointly, upon a building contract. The relation between Moore and Shannon, the other person, is more fully set forth in the answer of Shannon, in another suit, in which he was summoned as the trustee of Moore, and which answer, by consent of the parties in the present case, is to be taken as the respondent's answer in this case. In that answer it appears, that Shannon claims the whole amount of the debt due from Farwell and Temple, as being due to himself, as a copartner, upon an adjustment of accounts between himself and Moore. It also appears, that before this suit was commenced, and the respondent served with process, a suit was commenced by Moore and Shannon against the respondent and Temple jointly, which had been referred to referees under the usual rule ; that their award was to be final and judgment entered upon it ; and that the referees had made their award, before the trustee process was served.

With the limited means, which the trustee process affords of inquiry into facts, in order to understand the precise relation of two or more, claiming to be copartners or otherwise jointly interested in the debt attached, where it is so attached to answer the separate debt of one of them, it is often not easy or perhaps possible to come to a correct or satisfactory conclusion. But so far as the facts are disclosed in the present case, it would be difficult to say that there was any balance due to the principal defendant, capable of being attached as his several debt, whether there was a general partnership between him and Shannon or not, if upon their joint dealings, as far as they went, there would be no balance due to the principal defendant, upon settlement and adjustment of an account ; and this is distinctly stated in the answer of the partner, Shannon. But the Court have not thought it necessary to pursue this inquiry, or to give any opinion upon this part of the case, because upon the other ground, the Court are all of opinion, that the trustee must be discharged.

It has been held as a reasonable construction of the statute giving this process, the statute itself having made no express provision on the subject, that where a creditor has instituted legal proceedings for the recovery of his debt, and has made such progress therein, that the attachment of the debt cannot be pleaded in bar of the writ, the attachment is too late and cannot hold. It results from that clause of the statute which provides that such attachment may be pleaded in bar. *Kidd v. Shepherd*, 4 Mass. R. 239. When parties have referred their cause under a rule, which makes that reference conclusive, and enables the plaintiff to take judgment upon the award when returned, the defendant has no day in court to plead the attachment in bar, and therefore the attachment cannot hold. *Howell* v. *Freeman*, 3 Mass. R. 121. This case falls within the same principle, and it is decisive.

*Trustee discharged.*