GIBSON and MOORE, Adm'rs, against JOHN ROGERS.

ERROR to Crawford Circuit Court.

A writ of error *only* lies to bring up the record and proceedings of an inferior court, when such court proceeds according to the course of the common law.

It therefore does not lie to reverse any final decision, order, or decree in chancery, rendered by the court below. .

Under the Constitution and laws of this State, an erroneous decision of the Circuit Court, sitting in chancery, cannot be reached by a writ of error; but may be relieved against by a writ of certiorari, or an appeal regularly taken by the party aggrieved.

This was a suit in chancery, and was brought up by a writ of error The defendant in error moved to dismiss, because no writ of error lay to a court of chancery.

PIKE, for the defendant in error.

WALKER, Contra.

LACY, Judge, delivered the opinion of the court:

At common law a writ of error was a matter of right, and issued of course out of chancery, to remove the record from an inferior to a superior court, (except in cases coram nobis,) with a commission to the Judges of the reversing tribunal to examine the proceedings, and to affirm or reverse the judgment according to law. 2 Saund. 100; 2 Bac. Abr. 448.

It lies where a person is aggrieved by an error in the foundation, proceeding, judgment or execution of a suit, and it is granted in all cases, proceeding agreeably to the course of common law in a court of record, except in cases of treason and felony. Coke Litt. 288, 289, b.; 2 Bac. Abr. title Error A. 1, 2; Salk 504. But when the court acts in a summary manner, or in a new course, different from the course of the common law, a certiorari and not a writ of error lies. 1 Salk 253; 1 Ld. Raym. 223, 252, 454; Carth. 494. And should the court, when the judgment was given, be not a court of record, the judgment can alone be reviewed by a superior court by virtue of a

Gibson and Moore, Adm'rs, *against* Rogers.

writ of false judgment. 2 *Sellon*, 410, 411, 423; *Tidd*, 1105, 1107; *Tidd's Forms*, 586, 600; *Went.* 2, 3, 271. This is the English doctrine, and the same principle is laid down and established by many of the American authorities, on the same subject. In *Melvin vs. Bridge*, 3 *Mass.* 304; *Commonwealth vs. Blue Hill Turnpike Corporation*, 5 *Mass.* 420; and *Commonwealth vs. Ellis*, 11 *Mass.* 465; it has been held that a writ of error does not lie where the proceedings are not according to the course of the common law; and so in the matter of *Negus*, 10 *Wend.* 39. Hence a writ of error would not lie on proceedings before a Justice of the Peace, under the militia law, nor for the purpose of removing a record from the decision of a Probate Court. *Pratt vs. Hall*, 4 *Mass.* 239; *Ball vs. Brigham*, 5 *Mass.* 406. Upon error, if the judgment complained of was rendered by a court below, proceeding according to the course of the common law, then a writ of error lay, and in case of reversal in the Superior Court, such judgment was entered up there, as ought to have been given by the court below. But if the court below proceeded in a manner different from the course of the common law, the only mode of correcting any error that might have occurred, was by *certiorari*, and as the Superior Court had not the same special cognizance over the premises, they only affirmed the proceeding if found to be regular, or quashed them for irregularity, if the court below exceeded its jurisdiction. The writ was not granted from the decisions or decrees of courts of chancery, agreeably to the English practice, because courts of chancery were not technically considered as courts of record. And for the still stronger additional reason, that courts of chancery did not proceed in their trial and adjudications according to the course of the common law, but in a manner wholly different from it. This doctrine is now considered as well settled in England, though there are to be found in some of the authorities, a few dicta controverting it. When there was an erroneous order or decree by an inferior court, seriously affecting the rights of the party complaining, it could be corrected and reversed before a superior jurisdiction; and besides this, an appeal lies from the higher courts of chancery to the house of Peers. 3 *Black. Com.* 56, 416, 407, 411; 6 *Comyn Plead.* 444; 37 H. 6, 14 *b;* 1 *Rolle,* 744, 1, 44. The principle may then be regarded as incontro-

Gibson and Moore, Adm'rs, *against* Rogers.

vertibly established, that a writ of error does not lie to review the record and proceedings of chancery cases from an inferior to a superior tribunal in England. We will now inquire whether, under our Constitution and Statutes, the writ will lie to remove chancery proceedings from the Circuit Courts into this court. The Constitution confers upon the Supreme Court the power to issue writs of error and other writs therein enumerated; and to hear and determine the same. It gives to it appellate jurisdiction only, except in cases otherwise directed by the grant, and it makes its jurisdiction co-extensive with the State, under such restrictions and regulations as may be prescribed by law. The sixth section of the fourth article declares " until the General Assembly shall deem it expedient to establish courts of chancery the Circuit Courts shall have jurisdiction in matters of equity, subject to appeal to the Supreme Court. The Legislature, in obedience to this injunction have enacted that " if any person shall deem himself aggrieved by any final decision, order, or decree, of any court exercising chancery jurisdiction; and if any such person shall pray an appeal to the Supreme Court, during the term at which such decision, order, or decree is made, such appeal shall be granted in the same manner as appeals are granted at suits at law." *Rev. Stat., chap.* 25, *sec.* 137, *p.* 174. The Constitution, by giving to the Circuit Courts chancery jurisdiction, subject to an appeal to the Supreme Court, certainly conferred upon the parties an inchoate right of appeal, which the Legislature have rendered perfect, by prescribing the manner in which it shall be taken. The right of appeal is then a constitutional as well as a legislative remedy, conferred by affirmative words, which are to be taken and used in an exclusive sense; and this being the case, a writ of error cannot lie to remove the record in a chancery proceeding into this court. The Constitution and the Statutes, so far from authorizing or directing a writ of error in chancery cases, clearly forbid any such idea, by declaring that the right of appeal shall exist and remain inviolate; thereby asserting and affirming the rule of action adopted in the English courts. There is no legislative provision in express terms, or by necessary implication, that gives a writ of error in such cases; but upon the contrary, there is an express act giving the right of appeal, and imposing the conditions upon which it is grant-

Gibson and Moore, Adm'rs *against* Rogers.

ed. The statute regulating the practice in this court, declares " that writs of error upon any final judgment, or decision of any Circuit Court, shall issue, of course, out of the Supreme Court in vacation, as well as in term time." *Rev. Stat. chap.* 117, *sec.* 1, *p.* 641. Neither the words of this act, or its obvious meaning or intention will extend its operation so as to include final orders or decrees in chancery. It clearly has reference to cases at common law, contradistinguished from chancery decisions, as the whole act taken together and in connection with the words " final judgment or decisions" conclusively proves. To place upon it any other construction, would be to change the whole mode of proceeding for reversing and correcting errors in the decisions of inferior courts of chancery; and it would also introduce an entirely different rule on the subject, contrary to the principles of the common law; which is never allowed, except by express and positive enactment. In the present instance it would be doing more. It would give a new and unusual remedy, without any legislative action, and that too in derogation of the authority of the Constitution. If these positions be true, then it unquestionably follows that a writ of error will not lie to bring up chancery cases from the decisions of Circuit Courts into this court; and, therefore, the writ of error is dismissed with costs.