STATE OF IOWA, to Use of COMPANY G, FOURTH REGIMENT, IOWA NATIONAL GUARD, Appellant, v. JOSEPH E. RYAN.

**Militia—Fines:** CIVIL AUTHORITY: *Construction of statute.* Under McClain's Code, section 1572, providing that the discipline of the State National Guard shall conform to the regulations for the government of the army of the United States, except as otherwise provided; and section 1585, providing that every soldier absent without leave from encampment shall be fined two dollars for each day of absence, suit for the collection of the fine to be brought in the name of the state for the use of his company,—the fine is not to be imposed by a militia officer, but by the court before which the action is brought; and the soldier may prove before the court that he had a sufficient excuse for not attending encampment.

*Appeal from Webster District Court.*— Hon. S. M. WEAVER, Judge.

THURSDAY, JANUARY 28, 1897

ACTION at law to collect from the defendant, a member of the Iowa National Guard, a fine imposed upon him by the officers of his company for seven days' absence from camp duty without excuse. The action was originally commenced in justice's court, resulting in a judgment for the defendant. The plaintiff sued out a writ of error to the district court, and upon a hearing in that court the writ was denied, and the judgment of the justice of the peace affirmed. Plaintiff appeals.—*Affirmed.*

*W. T. Chantland* and *W. S. Kenyon* for appellant.

*Blake & Mitchell* for appellee.

DEEMER, J.—The case comes to us on the following certificate from the trial judge: "The defendant, Joseph E. Ryan is a member of Co. G, 4th Regt. Iowa National Guard, regularly enlisted. On the twelfth day of September, 1895, plaintiff filed in the justice court of James Martin, justice of the peace in and for Wakonsa township, Webster county, Iowa, a claim of fourteen dollars against the defendant, for fine imposed upon him by the officers of the company for seven days' absence from camp duty without leave or excuse for his absence, from the officers of the company, from August 17 to August 24, 1895. It is admitted by defendant in his answer, that he is a member of Co. G, Fourth Regt., Iowa National Guard, and, as such member, liable for, and subject to, camp duties described above, the same as the other members of said company, and that he was absent from

said camp without leave or excuse from the company officers; but the defendant avers that he had a sufficient excuse for being absent, and was therefore exempt from fine, and not liable to plaintiff therefor in any sum whatever. Plaintiff thereupon filed a motion for judgment against the defendant for the amount of the fine upon his admissions contained in his answer, upon the ground that the court had no jurisdiction to inquire into, or pass upon, the sufficiency of defendant's excuse for absence from military duty, and averring that the company officers' alone had the authority and jurisdiction to pass upon the sufficiency of such excuse, which motion was denied by the justice, and the judgment rendered for defendant; whereupon plaintiff removed said cause by writ of error to the district court, where the judgment of the justice was affirmed, to all which plaintiff duly excepted."

The following are the questions upon which the decision of the supreme court is desired: (1) Had the justice court jurisdiction to inquire into and pass upon the sufficiency of defendant's excuse? (2) Had the company officers exclusive jurisdiction to pass upon the sufficiency of defendant's excuse? (3) The statute providing for the fine not having directly designated the military officer or tribunal having power to assess the same, is the provision for such penalty void for uncertainty? (4) In the absence of any other designated tribunal having power to assess or enforce said penalty, had the justice jurisdiction to inquire into the merits of the charge against the defendant?

The determination of the questions presented involves a consideration of the Military Code, of the state, the material parts of which are as follows (McClain's Code):

"Sec. 1572. The organization, equipment, discipline and military regulations of the Iowa National Guard shall strictly conform to the regulations for the government of the army of the United States, in all cases except as herein otherwise provided, and all orders and regulations governing troops, not in conflict with the constitution of this state and the provisions of this act, shall be binding upon all members of the Iowa National Guard."

"Sec. 1585. Every soldier absent without leave or sufficient excuse from any parade, drill, or encampment, shall be fined two dollars for each day of absence; and for any unsoldierly conduct at drill parade or encampment, he may be fined not more than ten dollars, such fines to be collected by civil suit; and all suits for the collection of fines shall be brought in the name of the state of Iowa, for the use of the company to which the soldier fined belongs; but in no case shall the state pay any costs of such suits. Nothing herein shall be construed to prevent any company or band imposing such fines upon its members as it may think proper, in its by-laws, which fines may be enforced in the same manner as hereinbefore provided for the collection of fines for absence from drill, parade or encampment."

Article 7, section 108, of the regulations for the army of the United States, 1889, reads as follows: "Furloughs for a period of twenty days may be granted to enlisted men by the commanding officer of a post, or by a regimental commander if the company or companies to which they belong are under his control."

The lower court evidently adopted the theory that no officer or tribunal having power to assess the fine was provided for in the acts we have quoted, or that this authority was conferred upon the civil tribunal which had the power to determine the sufficiency of defendant's excuse for not attending camp. The

appellant contends that the fine is assessed by a superior officer who has the sole and exclusive right to determine upon the sufficiency of the excuse offered, and the power to grant leaves of absence, and that the civil authorities are appealed to simply to aid in the collection of the fine so imposed. It further contends that courts have no right or authority to investigate the merits of the excuse offered, or to grant leaves of absence. These contentions present the real points at issue in the case. It is conceded that, if the fine is to be assessed by the courts, they must have the power to determine whether sufficient excuse existed for defendant's absence from duty. It is no doubt true that defendant's immediate superior, to-wit: the captain of his company, had the sole power to grant leaves of absence, and, in so doing, was necessarily invested with authority to determine the sufficiency of the excuse offered him. But did these officers have the power to impose a fine upon a member of this company who was absent without leave or excuse? It is to be noticed that there is no question as to authority to impose a fine by virtue of a by-law or regulation of the company. The fine was imposed by these officers in virtue of their position as commanding officers of the company, and we are to inquire whether they possess this power. We have carefully examined the last edition of the United States army regulations, and find that no such authority is vested in the officers of the regular army. They have no right as such to impose fines. The section of the statute quoted, found in our Military Code, does not confer such power, in express terms, upon the commanding officers, and we do not think such authority ought to be inferred. If it was the design of the legislature to delegate the right to impose fines to company officers, it ought to be so stated, in order that the question as to its power to do so might be

judicially determined.   But, as the statute is silent on the subject, why say that the officers of the company are to impose the fine rather than some other official or tribunal?   It is true that the section may well be construed to mean that some person or body, other than the civil tribunal, is to impose the fine, and that the courts are resorted to for the purpose of collecting the fine so imposed.   But there is so much uncertainty in regard to the matter that we are constrained to hold that it is the civil authorities which have the power, not only to collect, but to impose the fine.   If this be the true construction, it follows that a *prima facie* case is made out when it is shown that a member of the national guard is absent from camp duty without leave.   It then is incumbent upon him to show, if he can, that he had sufficient excuse for not attending, and, if he fail in this, then the court will impose the statutory fine.   Such a construction of the statute gives force to all its parts, and is the one generally adopted by the courts of the country in construing somewhat similar enactments.   See *Howe v. Gregory*, 1 Mass. 81; *Com. v. Smith*, 11 Mass. 456; *Com. v. Fitz*, 11 Mass. 540.

We conclude that defendant's superior officers were not vested with the power to impose fines; that, although defendant had no leave of absence from his superior officers, yet he had the right to prove before the civil tribunal that he had a sufficient excuse for not attending the encampment; and that the justice of the peace before whom the action was originally tried, had the power to determine upon the sufficiency of that excuse.   We do not overlook the fact that discipline and obedience are essential to the efficiency and stability of our militia, nor are we inclined to adopt a rule which would in any manner lessen the efficiency of the national guard.   Nor do we think the construction adopted will have that effect.   Cases

may easily be imagined where it would be impossible for a member of a company to obtain a leave of absence, although his excuse might be amply sufficient. Indeed, the very grounds upon which he might claim an excuse, would in some instances be such as to preclude his obtaining the leave of absence. As we understand it, the construction contended for by appellant, is not adopted in the regular army in court-martial proceedings. The defendant in such a court may show that he had a sufficient excuse for absence from duty, although he had no leave from his superior officers. The judgment of the district court is AFFIRMED.