## EBERSOLL *against* KRUG and Wife.

### IN ERROR.

*1811.*

*Lancaster,*
*Saturday,*
*May 25.*

An award of arbitrators in the Common Pleas is to be considered as a judgment of that court from the time of its entry upon the docket, and as such subject to a writ of error.

THIS was an action of slander in the Common Pleas of *Dauphin*, which was referred to arbitrators under the act of 29th *March* 1809. The arbitrators filed their award in the office of the prothonotary on the 26th *January* 1810, finding *twenty dollars* damages in favour of *Krug* and wife the plaintiffs below, and on the same day the prothonotary, in conformity with the tenth section of the act, 9 *St. Laws* 128., made an entry of the award on his docket, and added these words, "*judgment according to act of assembly.*" The present writ of error was then brought, which

*Laird* for the defendants in error now moved to quash, upon the ground that in fact the Common Pleas had not rendered, and were not by the act of assembly authorized to render, any judgment in the case, the award having the character and effect of a judgment only as to lien, and nothing more. And he went into an examination of the various provisions of the law to support his point.

*Hopkins* for the plaintiff in error, answered that the award was uniformly spoken of through the act as a judgment, execution was directed to issue upon it, and a stay of execution was given in certain cases where it had been entered, calling it by the express name of a judgment, as in the eleventh section. He also argued that unless it was a judgment of the Common Pleas, and as such liable to their control, an infinite variety of evils might arise from awards, which at present were not contemplated.

The motion was made and argued at *May* term 1810, and held under advisement until this day, when the judges delivered their opinions.

TILGHMAN C. J. The defendant in error has moved to quash the writ of error in this case, and he contends that

no judgment has been rendered, and therefore no writ of error lies. An award of arbitrators was made and returned to the prothonotary's office, in pursuance of the act of 29th *March* 1809, and the prothonotary made the following entry on his docket, "judgment according to act of assembly." The defendant in error supposes, that the prothonotary had no right to make such an entry; that although the report, when filed, was a lien on the defendant's lands, yet it was not a judgment; that the only relief against the award was by an appeal, and that the appeal not having been made in due time, the party complaining is without remedy.

1811.

EBERSOLL
*v.*
KRUG.

I am not ambitious of extending the jurisdiction of this court, beyond the limits intended by the legislature; but where it has jurisdiction we are bound to support it. It appears to me, that although the act of assembly is not without difficulty, yet on the whole the intention is, that the award when entered in the docket of the prothonotary, shall be considered as a judgment. The expressions towards the end of the tenth section are, that from the time of the entry in the docket, *it shall rank as a judgment.* The eleventh section is stronger. The prothonotary is directed " to issue an " execution or such other process as may be necessary to " carry into complete effect and operation, *such judgment ob-* " *tained as aforesaid.* Provided always, that when *judgment* " *has been rendered* for any sum or sums of money, the like " stay of execution shall be had, and under the like regula- " tions, as is provided by the seventh section of the act to " which this is a supplement." Now when the legislature expressly and repeatedly say, that it is a judgment, why should we say that it is not? Will any ill consequence arise from considering it as a judgment? No, but the very reverse. For if it is not a judgment of the court of Common Pleas, they can have no control over it, or over the execution issued on it. Suppose then, that the party who has obtained an award, should be guilty of gross oppression in taking out his execution, or that he should not have made the entry of the award agreeably to law; what is to be done? If it is the judgment of the court of Common Pleas, they may interfere in a summary way, and do justice. But if they have no authority, the injured party has no remedy but by action;

1811.

EBERSOLL
v.
KRUG.

and in the mean while he may lie in prison, or be ruined by the sheriff's sale of his property. Plausible objections may be raised, by considering particular parts of the act detached from the rest. But this is not fair. To come at the true meaning, we must consider the whole.

I am of opinion, that taking into view the whole scope of the act, the award is to be considered as the judgment of the court of Common Pleas, from the time of its entry on the docket. That being the case, a writ of error lies to this court.

YEATES J. The motion to dismiss this writ of error is founded on the assumption of a principle, that the only remedy allowed to a party, against whom a judgment has been entered by a prothonotary founded on the award of arbitrators, under the " act supplementary to an act intitled an " act to regulate arbitrations and proceedings in courts of " justice," is by appeal to the court of Common Pleas of the proper county. 9 *St. Laws* 128. 511.

It has been contended that this law, authorizing the arbitrators on their oaths and affirmations justly and equitably to try all matters in variance submitted to them, constitutes them exclusive judges of the law and fact, in all cases where there are no appeals, and that in this mode only can their proceedings be reexamined.

We cannot suppose that the legislature intended to take away the powers of this court, unless they have so expressed themselves, or it can be inferred by necessary implication. By an old act of assembly passed 22d *May* 1722, 1 *Dall. St. Laws* 179. *sec.* 11., the justices of this court are authorized to issue forth writs of error; and in sect. 13. it is provided, that " they generally shall minister justice to " all persons, and exercise the jurisdictions and powers " thereby granted, concerning all and singular the premises, " according to law, as fully and amply, to all intents and pur- " poses whatsoever, as the justices of the court of King's " Bench, Common Pleas, and Exchequer at *Westminster*, or " any of them may or can do." And these general powers are confirmed to them by an act passed 13th *April* 1791, 3 *Dall. St. Laws* 92. *s.* 1., " consistently with the provisions

" made in and by the constitution of this state." It is fully <span>1811.</span>
settled that the jurisdiction of the court of King's Bench is ——————
not ousted unless by express words. 2 *Burr.* 1040., 3 *Burr.* EBERSOLL
1458., 5 *Burr.* 2594., 2 *Stra.* 1209. So far has this doctrine *v.*
been carried, that the judges of the Supreme Court of *New* KRUG.
*York* have decided, that they had jurisdiction, and might
grant a *certiorari* to remove into that court the proceedings
of the court of Common Pleas on an appeal to them from
the commissioners of the highways, though their statute of
the 8th *April* 1801 declared, the decision of the judges of
the Common Pleas on an appeal made to them in such cases,
to be conclusive. 2 *Caines* 182. A variety of cases may be
put, to shew the absolute necessity of this court's exercising
a superintending power to correct the errors of other courts.

The question before us must be determined as the law
stood in *February* 1810, when this writ of error was sued
out. On the minutest examination of the original arbitration
act passed 21st *March* 1806, 7 *St. Laws* 558., its first sup-
plement of the 13th *April* 1807, 8 *St. Laws* 296., its second
supplement of the 28th *March* 1808, *Ib.* 168., and the last
supplement of the 29th *March* 1809, 9 *St. Laws* 125., I can
find nothing which ousts this court of jurisdiction. It is true,
the eleventh section of the last supplement gives an appeal
to either party to the court of Common Pleas of the proper
county, within fifteen days after the entry of the award of
arbitrators on the docket of the prothonotary; but this pro-
vision is not inconsistent with the controlling power of this
court. This act is no longer in force, it having been supplied
and altered by the act regulating arbitrations, passed on the
20th *March* 1810, 9 *St. Laws* 145. But neither does this
last mentioned law take away the power of this court to issue
writs of error in instances like the present. A writ of error
on the principles of the common law, is grantable in all civil
cases, *ex debito justitiæ.* 2 *Salk.* 504. In such actions it is
justly deemed a writ of right. 1 *Stra.* 565. But it has been
justly admitted by the counsel of the plaintiff in error, that
consistently with the provisions of the arbitration system,
the writ could not be sued out during the period allowed
for the appeal; because such a procedure would deprive
the adverse party of a privilege allowed him by the law.

1811.

EBERSOLL
*v.*
KRUG.

The award of the arbitrators ranks as a judgment under the tenth section of the act of 29th *March* 1809, from the time of its being entered on the docket of the prothonotary; but where it is afterwards reversed either on an appeal or writ of error, its lien as a judgment becomes thereby determined, and ceases.

The present question has in fact been determined at the last *September* term for the Southern District. On a writ of error issued to the Common Pleas of *Bedford* county, in a case wherein *John Moore* esquire was plaintiff below, and *Jacob*, *John* and *Abraham Studebacker* were defendants, it appeared on the face of the proceedings, that a father had submitted the cause of himself and his two sons to arbitration, and the arbitrators awarded 45 dollars against the defendants; and this court on full argument reversed the judgment entered thereon, and all proceedings under it, on the ground that two of the defendants below did not join in the reference, nor were served with notice of the award. Another point was also made by the counsel of the plaintiffs in error, which the court deemed unnecessary to decide; viz. that the suit having been in court prior to the reference, the submission should have been made a rule of court, under the second section of the act of 21st *March* 1806. I am clearly satisfied that a defendant may avail himself of real and substantial errors apparent on the record of a submission and award, by writ of error in the court, though no appeal has been brought; that there are neither clear and explicit words, nor any necessary implication, which arises on any part of the law cited, to take away the jurisdiction of the court in the premises, and that therefore the motion made by the counsel for the defendants in error be denied.

BRACKENRIDGE J. concurred with the Chief Justice.

Motion denied.