Tilghman C. J.
In this case there are two exceptions to the opinion of the Court of Common Pleas of Lehigh county. (Here the Chief Justice briefly stated the facts.)
1. As to the report of the arbitrators; it is not necessary to decide whether the arbitrators had a right to award a conveyance of land. The only question is, whether it was such a record as supported the defendant’s plea; and I am of opinion that it was. This Court decided in the case of Ebersoll v. Krug, (3 Binn. 528.) that under the act of assembly, the award, when entered on the docket of the prothonotary, was to be considered as a judgment on which a writ of error lies. Now supposing this judgment to be erroneous, still it remains in force, until reversed. It therefore was a judgment at the time when the defendant offered it in evidence.
2. There can be no doubt but the parol evidence was properly admitted, to shew that the dispute concerning the sawmill was decided by the arbitrators. It was brought forward on the part of the present plaintiff, who was defendant in that suit,'and if the arbitrators had thought him entitled to an allowance on account of the mill, they would have made it. There are no pleadings before arbitrators, but if the defendant has any thing to offer in discount, it is always heard. It becomes necessary, therefore, to ascertain by parol evidence what was offered by way of discount.. To preclude such *289 evidence would work great injustice, and no rule of law is violated by the admission of it, because it is quite consistent with the record. The Court must pay regard to the usual and well known course of proceeding before arbitrators. The law of evidence, which is founded in good sense and convenience, is always adapted to the nature of the case. In a case, therefore, where a defendant was admitted to bring forward a claim of discount, and in the usual course of proceeding such claim was not entered on the record, it became necessary to prove it by parol evidence, which was the best that the nature of the case admitted. I am .of opinion, that the judgment should be affirmed.
Yeates J.
If the demand of the plaintiff for rebuilding this saw-mill had been settled by arbitration in another suit, between the same parties wherein he was defendant, and the same had been credited to him way of set-off, I see no reason whatever why the same should not be permitted to go to the jury under the issues joined in this action. But the case is much stronger for the defendant in error. In the former action his adversary entered a rule to have arbitrators chosen under the act of 3d April, 1809, to decide the matters in variance between them. The arbitrators chosen heard the parties and made their award, having taken into consideration the cause of action in the previous suit and settled the same. This award has been filed in the prothonotary’s office, and from the time of its being entered on record has all the effects of a judgment, under the provisions of the lqw and the decision of this Court in Ebersoll v. Krug, 3 Binn. 528. The plaintiff in error has acquiesced therein, and has neither appealed from the decision of the arbitrators nor taken out a writ of error thereon. The award may possibly be erroneous in point of law, but while the judgment on it remains unreversed, it cannot be annulled collaterally in another action. I am of opinion, that the judgment rendered in the Court of Common Pleas of Lehigh county be affirmed.
Brackenribge J. was absent in consequence of sickness.
Judgment affirmed.