### THOMPSON v. BLANCHARD.

A party objecting to the admission of evidence, should show by his exceptions, the ground of objection to the evidence admitted.

The appellate court cannot pass upon any objections to evidence, not insisted upon at the trial below.

In cases of arbitration, the Code gives the parties the power to agree upon the rules that are to govern the arbitrators.

And where in an action on an award, the admission of the award in evidence was objected to, on the ground that it was not signed by all the arbitrators, and it appeared that the agreement of submission provided, that the award of a majority should be as binding, as if made by the entire number; *Held,* That this was one of the rules which the parties had prescribed in the settlement; and that, therefore, if, independent of such agreement, the award was legally defective (which is not conceded), the objection was not well taken.

Where an action was brought on an award, on which there was a credit of $283.20, and the plaintiff in his petition stated, that $67 of the credit so indorsed, was a mistake; that upon the agreement of defendant, that plaintiff should have a certain lot of lumber to that amount, he consented to give him the credit, but that defendant had refused to let him have the lumber— had appropriated the same to his own use—and that the credit was, therefore, to that amount incorrect, which averments were not denied by the answer; and where the court instructed the jury, "that they were not bound to take into consideration any credit indorsed on the award, if the defendant has failed to prove the same;" *Held,* That the averments in the petition in relation to the mistake in the credit, not being denied, were to be taken as admitted, and with reference thereto, the instruction was not erroneous; and that as to the balance of the credit, the instruction was erroneous, but that, as it appeared from the record, that the jury allowed the balance of the credit in making up their verdict, no prejudice had resulted to the defendant.

Generally, a defendant is not bound to prove the correctness of a credit, indorsed upon the cause of action.

The Supreme Court will not reverse a cause, where an erroneous instruction has been given, if it appears that the party complaining suffered no injury therefrom.

Where in an action on an award in relation to certain services rendered by

Thompson v. Blanchard.

plaintiff in and about a steam mill, as well as the private accounts of the parties, which was resisted on the ground of errors and mistakes, the defendant introduced one of the arbitrators, and proposed to prove that at the time of the hearing before the arbitrators, there was no testimony introduced to show what were the net profits of the mill; and also, that at the same hearing, the plaintiff produced a certain book, in which he had kept his account of sales of lumber at said mill, which book was handed to one of the arbitrators, but that it was not examined by them after they had retired to make up their award, which testimony was rejected by the court; *Held*, That the evidence was admissible.

Where matters are considered by arbitrators which were not submitted—where they have committed such material errors or mistakes as prejudice either party—or where they omit to consider matters which were submitted—for these, and other causes, as well as for fraud, the award may be rejected by the court to which it is returned, or impeached when an action is brought to enforce it.

The whole burden of proof is on the party who attacks an award; it is for him to clearly satisfy the jury of any mistake, as also, that he was prejudiced thereby.

Unless some material error or defect is apparent on the face of an award, it cannot be avoided, unless the other errors or defects complained of, are shown fully and clearly.

### *Appeal from the Fremont District Court.*

THESE parties submitted certain matters in controversy between them, to arbitrators. They having heard the cause, awarded the sum of $388.14 to plaintiff, which award was in writing, but was not returned or delivered to any court. The defendant having failed to pay the whole amount so awarded, plaintiff brought this suit to recover the balance. Upon the back of the award, at the time of bringing suit, there was a credit of $283.20, dated February 10, 1853. Defendant answered, denying the indebtedness, admitting the submission and award, setting up, however, that the arbitrators committed gross errors and mistakes, in making up their said award; that the matters submitted, arose out of certain services rendered by plaintiff, in and about a certain steam mill, as well as the private accounts of the parties; and that such gross errors and mistakes were occasioned by the arbitrators taking into consideration, and assuming without evidence, that the mill sawed two thousand feet of lumber each day, during the time for which plaintiff

claimed one-half of the profits.   The answer also avers, that at the hearing before the arbitrators, the plaintiff, by fraud, suppressed a certain account of lumber, which plaintiff had received, during the time that plaintiff had charge of it, and was entitled to the one-half of the profits, and which account defendant supposed was produced; and that the arbitrators, after their retirement, took into consideration other evidence, without defendant's knowledge, and to his prejudice.   All of these allegations, were denied in the replication.   Other issues were raised by other portions of the answer, replications, and subsequent pleadings; but as they do not become material in the decision of the case, they are not set out.   Plaintiff offered in evidence the award, on the introduction of which, defendant objected, which was overruled, but the ground of objection does not appear.   In the further progress of the trial, the defendant introduced one of the arbitrators, and proposed to prove, that at the time of the hearing before the arbitrators, there was no testimony introduced, to show what were the net profits of the mill; and also that, at the same hearing, the plaintiff produced a certain book, in which he had kept his account of sales of lumber at the said mill, which book was handed to one of the arbitrators, but that it was not examined by them, after they had retired to make up their award, which testimony being objected to, was rejected by the court.   At the request of plaintiff, the court instructed the jury, that if they believed from the evidence that the award was fairly obtained, they would find for the plaintiff the amount due; and that they were not bound to take into consideration, any credit indorsed thereon, if the defendant had failed to prove the same, to which defendant excepted.   The defendant asked the following instructions: That if the arbitrators in making up their award, took into consideration anything that was not embraced in the agreement, and proved by the parties, then they have acted in violation of law, and the award is not binding, and plaintiff cannot recover, which was refused, for the reason, as the bill of exception states, that it had been given in substance in the third in-

struction asked by defendant.    What this third instruction was, is not disclosed.    Judgment being rendered for plaintiff in the sum of $172.80, defendant appeals.

*C. E. Stone*, for the appellant.

*W. Penn. Clarke*, for the appellee.

WRIGHT, C. J.—The first error assigned, is the decision of the court in allowing the award to be read to the jury as evidence.    It does not appear what objection was made to the introduction of this paper in the court below, and for this reason, we are justified in sustaining the ruling there made.    The party should show, by his exceptions, what was the objection urged, and decided in the District Court.    This court cannot pass upon objections, not insisted upon in the trial below.    Any other rule, would be unjust and dangerous in the extreme.    It is insisted here, however, that the award should have been rejected, because it was not signed by all of the arbitrators, and this objection, we will notice. The Code gives the parties, in making these amicable settlements, the power to agree upon the rules that shall govern the arbitrators.    Section 2103.    It appears from the agreement of submission, that the matters in controversy, were submitted to seven persons, and their award, or that of a majority, was to be a final settlement between the parties. The award offered, was signed by five of the arbitrators. The parties then agreed, that the award of the majority should be as binding, as if made by the entire number. This was one of the rules which they, by their agreement, prescribed in this settlement.    And therefore, if independent of such agreement, such award would be legally defective (which is not conceded), in this instance, the objection cannot prevail.    The defendant made his own terms and rules, in this respect, and by them he must be governed.

It is next urged, that the court erred in giving the instructions asked by plaintiff, in relation to the credit indorsed on the award.    To determine this, it becomes necessary to refer

to a portion of the pleadings. In his petition, the plaintiff avers, that $67 of the credit so indorsed, was a mistake; that upon the agreement of defendant, that plaintiff should have a certain lot of lumber to that amount, he consented to give him the credit; but that defendant had refused to let him have the lumber, but had appropriated the same to his own use; and that the credit was therefore to that amount, incorrect. This averment is not denied by the answer, nor is any reason given for not denying it, and is therefore to be taken as true. Code, § 1742. The credit, then, to this extent stands admitted to be a mistake. The jury were bound to disregard it, in making up their verdict, and with reference thereto, the instruction was not erroneous. But for this, the instruction would have been clearly erroneous; for generally, a defendant is not bound to prove the correct-ness of a credit that is so indorsed. But it is claimed, that the instruction is general, and by its language includes the entire credits. And so it does; but as it is evident from the record, that the jury allowed the balance of said credits, in making up their verdict, no prejudice resulted. This court will not reverse a cause, when an erroneous instruction has been given, if it appears that the party complaining suffered no injury therefrom.

The third error assigned, relates to the rejection of the testimony proposed to be elicited from one of the arbitrators. It appears that defendant resisted the award, for the reason, among others, that errors and mistakes had been made by the arbitrators, which consisted, in part, in their assuming without evidence, that the mill sawed two thousand feet of lumber each day, during the time for which plaintiff claimed one-half of the profits. Under this allegation, he proposed to prove, that no testimony was introduced to show what were the net profits of the mill. While the object of the offered testimony, is not conclusively clear, yet we think it sufficiently evident, that the defendant sought to prove by the arbitrator, that no evidence was given before them relat-ing to the profits of the mill. This would appear to have been a material point in the controversy submitted to the

Thompson v. Blanchard.

arbitrators, if not indeed, the whole matter in dispute. The question then arises, was this testimony admissible? And our answer must be, that it was. The court below seems to have rejected it upon the ground, that no testimony was admissible to show what took place prior to the retirement of the arbitrators to make up their award; and that though they might have allowed or rejected testimony, the award could not for that reason be impeached, unless such allowance or rejection was for the purpose of defrauding one of the parties. We do not understand, however, that an award may not be impeached for other causes, as well as for fraud. If matters are considered by the arbitrators which were not submitted; if they shall commit such material errors or mistakes as prejudice either party; or omit to consider matters which were submitted; for these, and for other causes, as well as for fraud, the award may be rejected by the court to which it is returned, or impeached when an action is brought to enforce it. That this is well settled in this country, is no longer to be doubted. 1 Greenlf. Ev. § 78; *Roof* v. *Brubacker*, 1 Rawle, 304; *Zeigler* v. *Zeigler*, 2 Serg. & Rawle, 286; *Davis* v. *Depew*, 2 G. Greene, 260; Chitty on Cont. § 986. In the section above referred to, Mr. Greenleaf expressly states, that while ordinarily arbitrators are not bound to disclose the grounds of their award, yet they may be examined to prove that no evidence was given upon a particular subject; or that certain matters were, or were not, examined or acted upon by them; or that there is a mistake in such award.

As we understand it, the defendant in this case, proposed to prove that no evidence was given before the arbitrators upon a particular subject. This he had a right to do, and to refuse him the right, was error. The effect of the evidence is, of course, another question. The whole burden of proof, in this respect, is on the party who attacks the award. It is for him to clearly satisfy the jury, of any mistake, as also that he was prejudiced thereby. Unless some material error or defect is apparent on the face of the award, it cannot be

avoided, unless the other errors and defects complained of, are shown fully and clearly.

As the case must be reversed on the third assignment, it becomes unnecessary to examine the alleged error of the court, in refusing to give the instruction asked by defendant. It appears to have been refused upon the ground, that it had been substantially given in a previous instruction. In the case of *Webster et al.* v. *Raner*, in this court, our predecessors held, that a court could not refuse a proper instruction, though the same may have been given in a different form. We refer to this case now, not for the purpose of applying it to the one at bar, or as indicating a concurrence therein, but for the purpose of saying, that if this is not the correct rule, then the instruction given, as well as the one refused, should be before us. Otherwise, we could not judge, where a correct instruction appeared to have been refused, whether there was a substantial difference, being concluded, in its absence, by the statement of the bill of exceptions, that the same had been previously given.

Judgment reversed.