DETERMINED IN THE

# COURT of ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### AT MARCH TERM, 1864.

---

HARRIS EAMES AND JOSEPH H. EAMES v. ETHAN D. STILES.

1. A writ of error will lie to the Court of Errors and Appeals in all cases where the decision of the inferior court is final, and has not proceeded from a matter resting in discretion.
2. It lies from an order of the Circuit Court refusing to set aside an award, where the proceedings have been entered of record in pursuance of the statute.

---

Error to the Circuit Court of Essex county, in matter of award.

In this case a submission to arbitrate had been made a rule of court by agreement of the parties, according to the statute. On producing the same before the court with the award, a motion was made to set the award aside, which was denied, and the award confirmed. A writ of error was then brought to remove this order into this court, and the same having been returned with the proceedings below, it was moved to dismiss the writ of error, for want of jurisdiction in this court to review the order and proceedings of the Circuit Court.

490

For the motion, *S. Tuttle.*

Contra, *C. Parker.*

BEASLEY, CHIEF JUSTICE.  In this case the parties agreed, in accordance with the statute regulating arbitrations, that their submission should be made a rule of court.  Such rule was accordingly entered in the Circuit Court of the county of Essex, and upon the coming in of the award, a rule was taken by the plaintiffs in error to show cause why the award should not be set aside.  Testimony having been taken, the Circuit Court, after argument, overruled the motion and admitted the proceedings to record, in conformity with the act to which reference is above made.  This decision has been brought to this court for review.

A motion is now made to dismiss the writ of error, on the ground that the decision of the court below on the motion to set aside the award, cannot be reviewed in this court. Any question which touches the jurisdiction of a court of the last resort is a matter of moment, and is entitled to especial consideration.

A writ of error is defined to be an original writ issuing out of the Court of Chancery, and it lay where a party was aggrieved by any error in the foundation, proceeding, or execution of a suit in a court of record.  It was issued, *ex debito justitiæ*, in all cases except in treason and felony. But where a court acted in a summary way, or in a new course different from the common law, a *certiorari*, and not a writ of error, was the appropriate remedy.  It was likewise a settled rule, that decisions made in matters resting in the discretion of the inferior court, or judgments merely interlocutory, were not to be put in question by means of this process.  Thus far the office of the writ was clearly defined at common law; whatever discussions took place on other points concerning it, its general functions, and the limitations of those functions, above expressed, were always admitted.  It was not pretended, that this procedure could

be adopted to remove a decision, resulting from a subject in the discretion of the inferior court, or from a proceeding of a summary character in a course different from the common law.

This description of the nature of the writ of error would of course indicate, that the proceeding in this case is not sustainable at common law. · The mode prescribed by the statute of entering on the record the agreement to arbitrate and the subsequent proceedings thereupon, are, obviously, of a summary character and in no wise according to the common law, and could not therefore be the subject of a writ of error by the ancient practice of the English courts.

But this conclusion does not dispose of the case in hand, and the ancient practice has been adverted to, with the design of more clearly marking the amplification of the jurisdiction of this court, which has been effected by the more extended use of the process under consideration. An examination of the past judicial action of this court on this subject evinces, that it has been the immemorial practice to exercise a supervisory cognizance over a class of cases which, in technical strictness, were not removable by writ of error. It is evident that this process has performed in this court from an early date, a two-fold office; that is to say, all the functions of a writ of error at common law, and in addition, many of those of a *certiorari*. This fact is clearly marked in the ancient and present practice of this court. The unreported case of *Wood* v. *Stille*, decided in 1800, May 23d, and to be found in the minutes of this court, page 112, is an instance in point. The facts were these : a sheriff had returned his execution, together with his proceedings in transferring, with the assistance of two freeholders, to the plaintiff, in satisfaction of his judgment, a tract of land belonging to the defendant. This has been done by virtue of the act of the legislature of the 23d March, 1786, and the Supreme Court, on motion, had set aside the proceedings of the sheriff and the freeholders. This order having been brought to this court by writ of error, was reversed, and

the action of the sheriff and freeholders in all things reinstated and affirmed. That the distinguished lawyer, Mr. Richard Stockton, was the attorney of the plaintiff in error, is an additional assurance that the proceeding was correct, according to the practice of those days. In the case of *The State* v. *The Justices of Middlesex, Coxe* 244, the Supreme Court having set aside the proceedings of an election held for fixing the location of a court-house, the decision was moved to this court by writ of error and was here reversed. A number of unreported decisions of a similar character will be found quoted in the note to *Taylor* v. *Griswold,* 2 *Green* 253.

Among the more recent cases is that of *Stansbury* v. *Squier,* 2 *South.* 861, in which this court reviewed a judgment of amercement against a sheriff, rendered in the Supreme Court. The same course was pursued in *Woodruff* v. *Chapin,* 3 *Zab.* 555, in which, on motion, the priority of executions had been settled. So this court by the same method has supervised the decisions of the Supreme Court on proceedings to lay out highways. *Matter of Highway,* 1 *Harr.* 345. And the same power has been exercised in a multitude of other cases of statutory origin, where the action of the inferior court was summary and in which there was no formal judgment. *Engle* v. *Crombie,* 1 *Zab.* 614; *Hawkins* v. *State, Ib.* 630; *Townley* v. *Rutan, Ib.* 674; *State* v. *Jersey City,* 5 *Dutcher* 445; *State* v. *City of Hoboken, Ib.* 475; *Taylor* v. *Griswold,* 3 *Green* 253. Nor is the case of *Rutherford* v. *Fen,* 1 *Zab.* 702, at variance with these authorities. It is true that this court dismissed the writ of error in that instance, but it was on the ground that the decision in question was the creature of the discretion of the inferior court, and consequently was not liable to revision.

It is not to be denied that the above citations show a remarkable divergence from the line of the established practice of the English courts of review. And this extension of the writ of error to a class of cases to which, strictly, it is inapplicable, has not passed without criticism. Mr. Griffith,

with some asperity, characterizes it as "an assumption of jurisdiction." 4 *L. R.* 1179. But this accomplished jurist admits that more than forty years ago, in his day, the innovation was established, so that, after such a lapse of time, it would seem quite too late for this court, even if so inclined, to retrace its steps. But the jurisdiction thus assumed is highly beneficial, if not indispensable. The class of cases which in this way have been subjected to the cognizance of this court, are of a character which renders it eminently proper that they should be susceptible of being reheard before some appellate tribunal. This *consideration* would seem to lead fairly to the conclusion, that the framers of the present constitution intended, by the provision which declares that "the judicial power should be vested in a Court of Errors and Appeals in the last resort in all causes, *as heretofore,*" to confer upon this court all the authority which it had antecedently claimed and at that time habitually exercised.

From the cases above cited, it is clear that it is not a requisite to the right of revision in this court, that the decision alleged to be erroneous should have sprung from a proceeding in the course of the common law. This ancient test is not applicable to a writ of error in this court. The only requisites are, that the decision of the inferior court is final, and has not proceeded from a matter resting in discretion. It is to be understood, however, that the term final is here used in the sense of the common law rule applicable to writs of error. The decision must have settled definitively in the suit or proceeding the rights of the parties. The rule as established, appears simply to have removed the requisite of the coincidence of the proceedings with the course of the common law; the other tests of the common law still obtain. What are matters of discretion and what is a final decision, are still to be decided by reference to the ancient system and the principles established in the decisions of the courts.

The case in hand evidently falls within the practice above

described. The Circuit Court, by its decision, validates the award; it thus becomes a matter of record, and is, in legal effect, *res adjudicata.* The parties and the court rendering the decision, and all other courts, are bound by it. It is also enforceable by the process of the court, in the manner marked out in the statute. Neither can it be said that the decision was discretionary. The court, by the express terms of the statute, was compelled to entertain and decide the motion. The award could not be either ratified or disallowed, except on legal grounds. The decision, if correct, must be the result of the application of the law to the premises before the court.

It is also worthy of notice that this court, on more than one occasion, has exercised jurisdiction in cases similar to that now under consideration. This was done in *Bell* v. *Price,* 2 *Zab.* 578. And it is some evidence of what has been the understanding of the profession on the subject, that the experienced and eminent counsel of the defendant in error in the case last named, did not moot the question of jurisdiction.

Awards entered of record by force of statutes somewhat analogous to the one under consideration, have repeatedly been held by the courts of other states to be subject to revision by writs of error. *Ebersoll* v. *Krug,* 3 *Binn.* 528; *Lewis* v. *England,* 4 *Binn.* 10; *Pratt* v. *Hall,* 4 *Mass.* 241.

The motion to dismiss should be denied.

*For denial*—BEASLEY, C. J., CORNELISON, ELMER, FORT, GREEN, CH., HAINES, KENNEDY, OGDEN, VAN DYKE, WALES. 10.

*Contra*—None.