## Sharp & O'Neal v. Woodbury.

1. Award: DEFENSE. In an action upon an award of arbitrators, it is competent for the defendant to show, by way of defense, matters submitted to the arbitrators upon which they did not pass in the award.

*Appeal from Marshall District Court.*

### Monday, April 3.

ACTION upon the award of arbitrators. Several defenses plead. The case tried by the court, which, after overruling plaintiffs' motion to strike certain matters from the answers, and also their demurrer to two of the answers,

rendered a judgment against them for costs, but held that they were entitled to a certain deed of conveyance, then in the hands of the clerk, made by the defendant to them. From this decision the plaintiffs have appealed.

*Griswold & Bradley* for the appellants.

*Henderson* and *Boardman* for the appellee.

LOWE, J. — The only exceptions taken to the action of the court below (as shown by the record) are two in number, to which we are necessarily confined in our revision of the case, namely, the overruling of plaintiffs' demurrer to the second and third answers, and their motion to strike from the files the same and a part of the first answer. So far as the first answer is concerned, it simply denies, very fully and specifically, the averments in the petition, and the motion, as affecting it, was properly overruled. As bearing upon the other two defenses, the reasons assigned in support of the motion are substantially the same as the causes set down in support of the demurrer, and they will, therefore, be considered together. To do this, however, we must briefly advert to the circumstances giving rise to the controversy, and the pleadings in the cause.

1. AWARD: defense.

The defendant proposed to erect a block of buildings; agreed in writing with the plaintiffs to lay up the brick walls within a specified period, stipulating to pay them $7.50 per thousand in land, town lots, merchandise, wood, brick and cash, as the work progressed. The description and price of the land and lots, the price and quality of the merchandise and trade, the quantity and price of the wood and brick, were all fixed and ascertained in the agreement. The brick work of the building was not done within the time limited. The parties differed about the quantity of brick in the walls, and perhaps some other matters, and.

agreed to submit their differences to the decision of arbitrators, binding themselves to abide their determination, under the penalty of $500, as stipulated damages. The language of this agreement of submission is, that they would "*submit* such questions as may be proper, under and arising out of said contract, including the amount of brick laid, and whether the work is done according to contract, * * * taking into consideration the amount of extra work done, and the time and manner of performance, *and the amount that has been paid and the amount properly due.*"

The award, brief and ambiguous, is as follows :

"We the referees in the case of Woodbury, Sharp and O'Neal, make the following award:

To O'Neal and Sharp, ........................ $2,482
To G. M. Woodbury, ........................ 100

Balance due Sharp and O'Neal, ............ $2,382

*Mem.* The pay above mentioned to be made in the same manner as shown in the contract hereto attached.

(Signed)          GEO. H. CLARK,
                  CHESTER CLARK,
                  PETER ROFF."

To recover this award, including also the penalty of $500 for the failure to perform it, the plaintiffs brought this suit.

The defendant, besides denying the cause of action, makes the further defense in substance as follows : That, during the progress of the work, he advanced to the plaintiffs, on said work, up to the 30th of June, 1863, a large amount, as shown by a bill of particulars marked D, annexed as an exhibit to the answer; that at this date a dispute arose between the parties, not about the payments which had been made, but about what the whole job, which the plaintiffs had done for defendant under said contract, would come to, without reference to the payment, and what amount

defendant was entitled to as damages for non-performance of the contract in time, &c. That, to settle this difference, an arbitration was suggested and agreed to, and the arbitrators limited their action and award to the whole amount plaintiffs' work would come to under the contract, and the defendant's damages for the delay, without at all considering the questions how much had been paid and what was still due. Although these were included in the written submission, yet they were wholly overlooked by the arbitrators and the parties at the hearing, and, as a matter of fact, did not enter into the award. It is further stated in the answer, that, very soon after the award was made, defendant paid to the plaintiff, in the manner specified in the contract, something over one thousand dollars, which, added to the amount paid before the award, makes $2,428.16, all of which the plaintiffs have received, except the deed to the Anderson lot, which is rendered and brought into court.

Now the plaintiffs assume, by their motion and demurrer, above referred to, that the defendant is concluded, by the terms of the award, from setting up payments made on said contract prior to the arbitration; but the defendant's answer shows, or rather alleges, that the arbitrators did not pursue the submission; that they wholly omitted to consider and pass upon the questions of payments and what was still due; and, therefore, in an action upon the award, as we have held in the case of *Thompson* v. *Blanchard*, 2 Iowa, 44, it is competent for the defendant to impeach the same, and such is the general law upon this subject; and the ruling of the court below in this particular is

Affirmed.