## LOVE v. BURNS.

1. Arbitration: STATUTORY REQUIREMENTS. Where matters in controversy are submitted to arbitrators, all of the essential requirements of the statute must be complied with in order to authorize the court to act upon the award.

2. —— RULE APPLIED. It is accordingly *held*, that a provision in the agreement of submission that the court to which the award is to be returned shall render judgment thereon, is necessary to authorize the court to render judgment on the award, or to reject it and resubmit the matter to other arbitrators.

*Appeal from Dubuque Circuit Court.*

THURSDAY, OCTOBER 9.

THIS action is brought by the plaintiff Love against Burns on an alleged award of arbitrators.

The court, on motion of defendant, set aside the award, to which plaintiff excepted and appeals. Upon setting aside the award the court ordered the matter re-submitted to the same arbitrators, to which defendant excepted and appeals.

*Wilson & O'Donnell* and *Griffith & Knight* for the plaintiff.

*Wm. Graham* and *S. M. Pollock* for the defendant.

MILLER, J. — But two questions are properly presented in argument for our consideration, viz.: 1. Did the court err in setting aside the award upon which the action is based? 2. Did the court err in re-submitting the matters in dispute between the parties to the same arbitrators? The first question arises on plaintiff's appeal, the second on that of the defendant.

I. First, then, was there error in sustaining defendant's motion to set aside the award?

The petition alleges that the award was made in pursuance of the following agreement between the parties:

" For the purpose of making a settlement of the official business of the undersigned in relation to the taxation and proper division of fees and moneys in our hands respectively, belonging and due to each other as ex-clerk and present clerk of the United States district court for the district of Iowa, and in reference to charges for stationery, office furniture, etc., we do hereby appoint Alfred Hobbs and John T. Everett, both of Dubuque county, Iowa, as

arbitrators for and between us, who shall proceed to examine all the necessary records, books, papers, and, if need be, witnesses, with reference to said matters and things, and to make out and file in the circuit court in and for Dubuque county, Iowa, such award as to them may appear to be just, true and equitable. It is further agreed between us, that in all cases where the said Hobbs and John T. Everett may disagree in opinion, they shall be authorized and empowered to call in and appoint another person to act with them in the consideration of such matter, and the decision of any two of the three thus acting shall be conclusive. And it is further agreed that the accounting and settlement agreed upon and made by said arbitrators herein named, shall be binding upon the parties hereto, and that they or either of them will not take any exceptions, but treat the same as a final settlement between the parties to this instrument.

"And the party ascertained to be indebted to the other shall immediately pay over the amount of such indebtedness.

"In witness whereof, we hereto set our hands this 14th day of March, 1870.

"(Signed)                    "H. K. Love.<br>
"J. B. Burns."

This agreement was acknowledged by the parties thereto, before a notary public, as their voluntary act and deed for the purposes therein mentioned.

Our statute (chapter 147 of Revision) provides for the submission of all controversies which may be the subject of civil actions, to the decision of one or more arbitrators in the manner therein pointed out. (§ 3675). It is provided, that "the parties themselves, or those persons who might lawfully have control of a civil action in their behalf for the same subject-matter, must sign a written agreement specifying particularly what demands are to be submitted, the names of the arbitrators, *and the court by which* the

judgment on their award is to be rendered." (§ 3676). This agreement must be acknowledged by the parties signing the same, before some officers having authority to take acknowledgments of deeds, to be their free act and deed. (§ 3677).

All the rules prescribed by law in cases of referees are made applicable to arbitrators except as otherwise expressed by law or agreed by the parties. (§ 3680). The award must be in writing and filed in the court named in the agreement (§ 3685); must be docketed as a cause in court, called up and acted upon in its order, etc. (§ 3685). The award may be rejected by the court for any legal and sufficient reasons, or it may be re-committed for a rehearing to the same arbitrators, or any others agreed upon by the parties." (§ 3687). When the award is adopted by the court it must be filed and entered on the records, and has the force and effect of the verdict of a jury, and judgment may be entered thereon. (§ 3688).

We are clearly of opinion that the agreement of the parties in this case was not such a submission as is contemplated by the statute. An essential element to constitute it a statutory submission is omitted from the agreement of the parties, viz.: An agreement for judgment by some court upon the award. It is this agreement in the award which confers jurisdiction on the court to render judgment, or reject the award and re-commit the matter again to the arbitrators. While the submission and award may be valid and binding on the parties at common law, having the force and effect of a settlement made by the parties themselves, yet it cannot be treated as an award under the statute, for the courts can acquire jurisdiction to act thereon in the manner provided by law only from the submission of the parties, and this must, in order to confer such jurisdiction, comply with the requirements of

the statute.    See *Thompson* v. *Blanchard*, 2 Iowa, 44; *Conger* v. *Dean*, 3 id. 463; *Burrows* v. *David*, 7 id. 154.

If the arbitrators have considered matters which were not submitted, or have committed such material mistakes as prejudice either party, or they have omitted to consider matters which were submitted, for these and other causes as well as for fraud, the award, if made under a statutory submission, may be rejected, or the award may be impeached when not made under the statute as in the case before us.    *Thompson* v. *Blanchard*, *supra*.

II. The court having erred, as we have seen, in setting aside the award, the order re-committing the matters of the submission again to the arbitrators was also, for the same reasons, erroneous.    The judgment of the court below will, on both appeals, be

Reversed.