DIST. TWP. OF LITTLE SIOUX v. IND. DIST. OF LITTLE SIOUX.

1. **Arbitration and Award**: DIVISION OF SCHOOL DISTRICT: JUDGMENT MUST FOLLOW AWARD. The arbitration contemplated by section 1715 of the Code (which provides for a division of assets where a school-district is divided), is the arbitration provided by sections 3416–3431 of the Code. The award has the force and effect of the verdict of a jury—Code, § 3428—and the court which renders judgment upon the award must follow the award, and has no power to render a different judgment.

*Appeal from Harrison Circuit Court.*

FRIDAY, DECEMBER 8.

THE parties are school-districts organized under the laws of the State. The territory of the defendant formerly belonged to plaintiff. The proceeding was instituted by arbi-

tration for the equitable division of the assets and liabilities of the old district between it and the new district. Upon motion of plaintiff judgment was rendered against defendant for a sum greater than was awarded by the arbitration, whereupon it appealed to this court. The facts of the case appear in the opinion.

*L. R. Bolter,* for appellant.

*J. W. Barnhart,* for appellee.

BECK, J.—I. After the organization of the defendant district, the plaintiff instituted an action of *mandamus,* wherein the board of directors of defendant were required, in conjunction with the directors of plaintiff, to make an equitable division of the assets and liabilities of the old district, and in case of the failure of the directors of the respective districts to agree, they were directed to select arbitrators as required by the statute, who should proceed to determine the question between the parties in accordance with the statute providing for arbitration.

In obedience to a peremptory writ of *mandamus,* the directors of the respective parties entered into an agreement to submit the matter of the division of the assets and liabilities of the old district to arbitrators, whose award, it was agreed, should be filed in the Circuit Court of Harrison county.

The arbitrators determined the value of the assets of the old district on the first of August, 1879, which was after the organization of defendant, and by their award required defendant to pay plaintiff $938$\frac{88}{100}$. They adjudged that defendant pay twenty per centum of the costs, the plaintiff to pay the balance. The Circuit Court, upon motion of the plaintiff, rendered judgment upon the award against defendant for $1,065$\frac{63}{100}$ and for one half of the costs.

II. Code, § 1715, provides that upon the division of school districts the respective boards of directors, acting together, "shall make an equitable division of the then existing assets

and liabilities between the old and the new districts; and in case of a failure to agree, the matter may be decided by arbitrators chosen by the parties in interest." The arbitration contemplated by this provision is the arbitration provided for by the statute. Code, § § 3416–3431. Under these sections it is provided that judgment shall be entered in the court wherein it is filed, upon the award, which has the force and effect of the verdict of a jury. It is also provided that the written agreement of the parties submitting to the arbitration shall specify the court by which the judgment upon the award is to be rendered.

The agreement of the parties to this action specifies the court wherein the award is to be filed. This is sufficient to indicate the court wherein the judgment is to be rendered. The case in this respect differs from *Love v. Burns*, 35 Iowa, 150. The parties thereto did not make any stipulation as to the court wherein the award was to be lodged.

We reach the conclusion that the Circuit Court acquired jurisdiction of the case, and was authorized to render judgment upon the award.

III. It will be observed that the award has the force and effect of the verdict of a jury. Code, § 2428. "If there is no provision in the submission respecting costs, the arbitrators may award them in their discretion." Code, § 3430. The arbitrators were required to make an *equitable* division of the assets. Code, § 1715. The Circuit Court changed the award, increasing the finding against defendant to a sum equaling, as we suppose, the interest upon the amount they found in favor of the plaintiff, and increasing the amount of costs to be paid by defendant from twenty per centum to fifty. The arbitrators, doubtless, determined that the precise sum found by them in favor of plaintiff, without interest, was the portion of assets which defendant should pay under an *equitable* division. They were clothed with discretion as to the costs, and doubtless concluded that an equitable division of the assets required the apportionment of the costs made

by them. It is not made to appear that the division made by the arbitrators is not equitable, or that they abused their discretion in apportioning the costs. The Circuit Court, therefore, erred in not entering judgment, upon the award according to its terms. See *Rattliff v. Mann* and *Edwards*, 5 Iowa, 424; *McKinnis v. Freeman et al.*, 38 Id., 364.

The judgment of the Circuit Court will be reversed, and the cause will be remanded for judgment upon the award as rendered by the arbitrators.

                                                    REVERSED.